PATTERSON ET AL. *v.* ROWLEY.

SUPREME COURT.—*Appeal after Receiving Payment on Judgment.—Dismissal of.—Specific Performance.—Tender.*—In an action to enforce the specific performance of a contract to convey real estate, wherein, to keep good

his tender thereof, the plaintiff paid into court a certain sum of money for the defendant, the court found, that, to entitle the plaintiff to a decree, he must pay into court, for the defendant, an additional sum, which he did, and obtained his decree. And the defendant having received the aggregate of such sums, less the costs of the action, appealed to the Supreme Court.

*Held,* that the case falls within section 550, 2 R. S. 1876, p. 238, and that the appeal should therefore be dismissed.

From the Howard Circuit Court.

*J. O'Brien, M. Garrigus, M. Bell* and *M. McDowell,* for appellants.

*N. P. Richmond* and *J. C. Denny,* for appellee.

HOWK, C. J.—On the 11th day of November, 1878, the appellants filed in this court the transcript of the record of this cause, and their assignment of errors thereon.

The appellee appeared and filed his answer to this appeal, in which he alleged, in substance, that, " on the 4th day of April, 1878, the above entitled cause was tried and finally disposed of in the said Howard Circuit Court; that, prior to the commencement of this cause in said court, the appellee tendered to said appellants the sum of three hundred dollars, as the amount due to said appellants, and, at the time of the filing of their complaint, he paid into court, for the use of said appellants, the said sum of $300; that, on the trial of said cause, the court found that there was due to the said complainants the further sum of $93, making in all $393; that he then and there paid into court the further sum of $93, making in all the sum of $393; that, on the 12th day of April, 1878, the said appellants received and accepted the said sum of $393 from the clerk of said court, in full of the amount due to them from the said appellee, and then and there receipted for the same; that afterward, on the 11th day of November, 1878, the said appellants filed the record of this cause in this court; and so this appellee says, that, after the rendition of the judgment in this cause, and before the appeal was taken in this cause, the said appellants received and accepted the

amount found due to him by said court, and in full satis-
faction and discharge of all claims and demands against
this appellee. Wherefore he prays that the appeal in this
cause be dismissed."

To the appellee's answer, the appellants filed in this
court their reply, in which " they admit that said cause
was tried on the 4th day of April, 1878, and that, prior to
the commencement of said suit, the appellee tendered to
the appellants $300, and paid the same into court, and that
afterward, and before judgment, the appellee paid into
court, for the use of the appellants, the further sum of
$93 ; appellants further admit, that, on the 12th day of
April, 1878, they received from the clerk of said court the
sum of $343, he retaining $50 on costs, but they deny that
said sum was so received or accepted in full satisfaction
and discharge of all claims against the appellee. And the
appellants aver the facts to be, as shown by the transcript
and record in this cause, that no judgment was ever ob-
tained by the appellants against the appellee, in said cause,
nor was there any order of the court requiring the appel-
lee to pay any sum of money to the appellants, nor into
court, for their use. Appellants aver that said money
was so paid to the clerk by the appellee voluntarily, as a
tender to the appellants, and as such they accepted it, not
in full, but as a payment to that extent of the amount due
to them. The only judgment rendered in this cause was
in favor of the appellee, against the appellants. Where-
fore," etc.

To this reply the appellee demurred, upon the ground
that it did not state facts sufficient to constitute a good
reply to his plea or answer.

The question presented for our decision, by the plead-
ings filed in this court, may be thus stated : Conceding
the facts stated in the appellants' reply to be true, as they
have therein stated them, can they maintain and prosecute

their appeal of this cause, in this court? The last sentence in section 550 of the practice act reads as follows : " The party obtaining judgment shall not take an appeal after receiving any money paid or collected thereon." 2 R. S. 1876, p. 238. This sentence was not changed, in any particular, in the act amending said section, approved March 14th, 1877, Acts 1877, Spec. Sess., p. 59. The record shows that the appellee sued the appellants to obtain the specific performance of a written contract or agreement, by and between the parties, providing, *inter alia*, for the conveyance, by the appellants to the appellee, of certain real estate in Howard County, Indiana. The cause was tried by the court, and at the request of the parties the court made a special finding of the facts in the case, and of its conclusions of law thereon. Among its conclusions of law, the court found, that, in addition to the sum of $300 tendered by the appellee to the appellants, and then in court for their use, " before the plaintiff is entitled to specific performance, he should pay into court the additional sum of $93 ; * * * * this being done, he is entitled to a judgment for a specific performance of the contract." The record further shows, that the " plaintiff now pays into court, for the use of the defendants, the sum of ninety-three dollars, balance found due to defendants, upon the contract between them, above the amount already paid." It was then adjudged by the court that the appellee was entitled to a specific performance of the contract in suit, and to a conveyance of said real estate, etc.

It is very clear, we think, that the appellee paid into court the said sum of ninety-three dollars, not as a tender to the appellants of that amount of money, but in compliance with the requirements of the court's special finding, conclusions of law and judgment. The appellants received from and receipted to the clerk of the court for the sum of money thus paid by the appellee upon and in accord-

ance with the judgment of the court; and, having thus received the money thus paid by the appellee on the judgment in question, it seems to us that the case falls fairly within the spirit, meaning and purpose of the statutory provision above quoted, and that the appellants were thereby inhibited from taking and prosecuting an appeal from the said judgment. It is immaterial whether the appellants received the money in full satisfaction of all their claims against the appellee or not; their receipt of any money paid by the appellee on the judgment operated, under the statute, to prevent them from taking an appeal from the judgment to this court.

We are clearly of the opinion, that the facts stated in the reply were not sufficient, under the appellees' demurrer thereto.

The demurrer to the reply is sustained, and the appeal is dismissed, at the costs of the appellants.