Hosford *v.* Johnson *et al.*

———— •••• ————

No. 7231.

HOSFORD *v.* JOHNSON ET AL.

FORECLOSURE.—*Senior and Junior Mortgages.*—The rights of a junior incumbrancer are in no wise affected by the foreclosure of a senior mortgage. unless he is made a party to the foreclosure proceeding.

SAME.—*Redemption Money.—Terms of Mortgage.—Whole Mortgage Debt must be Paid.*—The amount of redemption money to which a purchaser at a sale upon foreclosure of a senior mortgage is entitled depends on the terms of the mortgage, and not on the foreclosure judgment, nor on the amount he paid at the sheriff's sale. Junior incumbrancers can not redeem by paying the sum of the purchase-money, with interest, but they must pay the whole mortgage debt.

SAME.—*Damages.—Attorney's Fees.—Offer to Redeem.*—Where a mortgage provides for attorney's fees, if suit be brought by reason of the default of the mortgagor, they become a part of the damages which the mortgagee is entitled to recover, and an incident of the principal debt; and whether such suit be brought on the notes alone, or on the notes and mortgage, his right to recover attorney's fees accrues, and they become a part of the mortgage debt, and junior mortgagees are bound to include the amount of such fees in their offer to redeem.

SAME.—*Insurance Premiums.*—Where it is a part of the contract of a mortgagor, and a condition of the mortgage, that he shall keep the premises insured in a certain sum for the benefit of the mortgagee, charges for premiums paid by him for such insurance, which the mortgagor has neglected to obtain, are allowable as a part of the redemption money.

SAME.—*Costs.*—Junior incumbrancers are not required to pay the costs of the foreclosure suit of their senior incumbrancer as a part of the redemption money.

SAME.—*Mortgagee in Possession.— Rental Value.— Necessary Repairs.*— A mortgagee in possession is chargeable with the rental value of the property, and, on a redemption thereof, he is entitled to be reimbursed for all necessary repairs made on the mortgaged premises.

ESTOPPEL. —*Necessary Element.*— *Knowledge of Legal Rights.*— A para-
graph of answer charging in effect only an agreement of senior and
junior incumbrancers, that they would not bid against each other at
their respective sales, without alleging that any facts were known to
the plaintiff that were not also known to the defendant, discloses no
element of an estoppel by conduct against a plaintiff, to maintain an
action for redemption. One party is as much bound as the other to a
knowledge of their respective legal rights.

PLEADING.— *Cross Complaint for Foreclosure.*—*Demurrer.*—A cross com-
plaint seeking a foreclosure of a mortgage is insufficient upon demur-
rer, when neither the mortgage nor a copy is filed therewith.

From the Vigo Circuit Court.

*J. G. Williams, S. C. Davis* and *S. B. Davis*, for ap-
pellant.

*M. Winfield*, for appellees.

NEWCOMB, C.—The Atlas Insurance Company held a mort-
gage on certain real estate in Vigo county, and Johnson and
Finch held a junior mortgage on the same property. The
Atlas Company foreclosed its mortgage, but did not make
Johnson and Finch defendants to the action, nor did the
latter appear to it. A separate foreclosure suit was insti-
tuted by Johnson and Finch, and their mortgage was fore-
closed. The appellant, Hosford, purchased the mortgaged
premises at the sheriff's sale on the senior mortgage, bid-
ding therefor the full amount of the judgment and costs.
On the same day, the property was also sold on the fore-
closure judgment of the appellees, they being the purchasers.
After the year for the statutory redemption had expired,
deeds were executed by the sheriff to the respective pur-
chasers. Johnson and Finch then tendered to Hosford the
amount of principal and interest of the Atlas Company's
mortgage, as a redemption thereof. The tender was refused,
and they then filed their complaint to redeem, alleging the
tender and refusal. Hosford demurred to the complaint,
but his demurrer was overruled. He then answered in two
paragraphs, and also filed a cross complaint, praying a fore-

Hosford v. Johnson et al.

closure of the Atlas Company's mortgage, as against Johnson and Finch. Demurrers were sustained to both paragraphs of the answer and to the cross complaint, and there was final judgment on demurrer in favor of the appellees, to the effect that they were entitled to redeem, on payment of the principal and interest of the senior mortgage; that the amount found due should be paid into court within fifteen days, and that, on such payment being made, the title of plaintiffs in said property be quieted, and that Hosford should be forever estopped from setting up any title thereto.

The principal contention between the parties is, whether Johnson and Finch, in order to redeem, were required to pay, in addition to the principal and interest of the senior mortgage, certain sums included in the foreclosure judgment for attorney's fees and for insurance premiums paid by the Atlas Company. Hosford also claimed that they must pay the costs of the foreclosure proceeding, and that he ought to be reimbursed for the cost of a new roof he put on the building on the mortgaged premises, after he took possession, and for certain expenses he had incurred in hiring a watchman to take care of said building.

The doctrine may be regarded as settled in this State, that the rights of a junior incumbrancer are in no wise affected by the foreclosure of a senior mortgage, unless he is made a party to the foreclosure proceeding. *Proctor* v. *Baker*, 15 Ind. 178; *Murdock* v. *Ford*, 17 Ind. 52; *Holmes* v. *Bybee*, 34 Ind. 262; *Hasselman* v. *McKernan*, 50 Ind. 441.

This being the case, the amount of redemption money to which Hosford was entitled depended on the terms of the mortgage, and not on the foreclosure judgment, nor on the amount he paid at the sheriff's sale. Had he purchased the property for less than the amount due upon the mortgage, the junior incumbrancers could not redeem by paying the sum of his purchase-money, with interest, but they would be re-

quired to pay the whole mortgage debt. *Collins* v. *Riggs*, 14 Wal. 491.

The complaint stated the date, amount and rate of interest of the Atlas Company's mortgage. This was admitted by the answer, but in the answer it was averred that the mortgage also provided that the mortgagor should keep the buildings on the premises insured in the sum of $5,000, for the benefit of the mortgagee, which he had failed to do, and that the latter, in consequence of such failure, had paid $500 in premiums for such insurance, which was allowed and included in the foreclosure judgment. Also that the notes secured by the mortgage provided that in case of suit the maker would pay five per cent. attorney's fees, and that in the foreclosure judgment such fees were included to the amount of $200. The appellees contend that, inasmuch as they were not parties to the action in which the attorney's fees were recovered, and their rights as junior incumbrancers were not impaired or affected by the judgment in that case, such fees were not a valid claim against them. It is true that they were not liable to pay these attorney's fees because of their allowance in the judgment rendered in favor of the Atlas Company, for that judgment had no force as against them; but they were required to pay every claim secured by the mortgage. By the terms of the mortgage, the attorney's fees became a part of the mortgage debt in case suit should be brought by reason of the default of the mortgagor. They were a part of the damages the mortgagee was entitled to recover, and an incident of the principal debt. *Smiley* v. *Meir*, 47 Ind. 559 ; *Josselyn* v. *Edwards*, 57 Ind. 212. Whenever the senior mortgagee instituted an action to recover the debt secured by the mortgage, whether such action were upon the notes alone, or upon the notes and mortgage for a foreclosure, the right to recover the attorney's fees accrued and became a part of the mortgage debt, and for this

reason we hold that the junior mortgagees were bound to include the amount of such fees in their offer to redeem.

As to the insurance premiums, the appellees argue that the agreement to keep the property insured was merely a personal covenant of the mortgagor ; that the mortgage did not in terms provide that if the mortgagee should pay such premiums, on the failure of the mortgagor to do so, the amount so paid should be deemed a part of the mortgage debt. There is no copy of the mortgage in the record. The allegation of the answer on this point is as follows : "It was understood and agreed, and so stated in the mortgage, that said Tuttle" (the mortgagor) "would keep said building insured, and would pay the premiums for such insurance."

In Jones on Mortgages, sec. 1,135, it is said : "Where it is part of the contract of the mortgagor, and a condition of the mortgage, that he shall keep the premises insured in a certain sum for the benefit of the mortgagee, charges for premiums paid by him for such insurance, which the mortgagor has neglected to obtain, are allowed." For authority the author refers to *Harper* v. *Ely*, 70 Ill. 581 ; *Fowley* v. *Palmer*, 5 Gray, 549 ; and *Montague* v. *Boston, etc., R. R. Co.*, 124 Mass. 242.

In the Illinois case, it was held that a mortgagee in possession would be allowed, as against rents collected by him, the amount paid by him for insurance when the mortgage required the mortgagor to keep the building on the property insured ; and the case in 124th Massachusetts was of the same character. In *Fowley* v. *Palmer*, *supra*, it is stated that it was a condition of the mortgage, that the mortgagor should keep the buildings insured for the benefit of the mortgagee, from which we infer that the mortgage was so framed as to make the premiums that might be paid by the mortgagee a part of the mortgage debt, in case the mortgagor failed to insure.

From the averment in the answer, we can not say that the

court below erred in holding that the insurance premiums
were not secured by the mortgage.    The appellees were not
required to pay the costs of the foreclosure suit.    Jones on
Mortgages, sec. 1,084; Gage v. Brewster, 31 N. Y. 218;
Moore v. Cord, 14 Wis. 213.

The complaint charged that Hosford had received $500 in
rents after taking possession of the property in controversy.
The answer admits the possession, but denies the receipt of
any rents, and avers that the use and occupation were of no
value.    In this connection a claim is made for compensation
for a new roof, put upon the building by the appellant, and
for money alleged to have been paid by him to a watchman
to protect the premises from fire; "all of which," it is aver-
red, "was absolutely necessary for the preservation and pro-
tection of said property."

A mortgagee in possession is chargeable with the rental
value of the property, and on a redemption of his mortgage
he is entitled to be reimbursed for all necessary repairs made
on the mortgaged premises.    See Jones on Mortgages, sec.
1129, and the numerous authorities there cited.

The claim of appellant to reimbursement for the services
of a watchman is not discussed in his brief, and we there-
fore treat it as waived.

The second paragraph of the answer sets up matter of
supposed estoppel.    It alleges that on the day of the sher-
iff's sales appellant exhibited to the appellees a statement
of the amount due on the Atlas Company's judgment for
principal, interest and costs, and, before said property was
offered for sale, it was agreed between them that the appel-
lant should buy the property under the foreclosure of the
Atlas Company, and that the appellees would buy under
their own judgment; that, pursuant to such understanding,
the agent of the appellees attended said sale in company
with the appellant, and, when the property was offered on
the Atlas Company's judgment, appellant bid the amount

Hosford *v*. Johnson *et al.*

due thereon and the costs; that the property was then offered on the decree in favor of the appellees, and it was purchased by them, through said agent, for the amount due them, including costs; that said agent stood by and saw appellant purchase said property, and knew that the items of insurance and attorney's fees were included in said judgment, and knew also that Johnson and Finch had not been concluded by said judgment, because they were not parties thereto; and, knowing all said facts, said agent kept silent and did not dispute the right of said insurance company to recover said fees and insurance premiums in their foreclosure, and gave no notice of appellees' claim that they would not be bound by said judgment; but, on the contrary, by said understanding, the appellees, by their agent, purchased said realty under their judgment, subject to the senior lien of said insurance company, and that appellant, relying on the acquiescence of these plaintiffs in said judgment and the sale thereunder, paid the amount of his bid and never received any notice of the plaintiffs' claim, as set up in the complaint, until just before the commencement of the suit. It is further averred that the plaintiffs below had notice of the judgment and proceedings under which the defendant purchased, as soon as the sheriff advertised the property for sale.

We fail to discover an estoppel in the matters set forth in this paragraph. The only agreement charged is, in effect, that the parties would not bid against each other at the respective sales. It is not alleged that any facts were known to the plaintiffs that were not also known to the defendant; and, as to the legal rights of the parties, one was as much bound to a knowledge of them as the other.

To constitute an estoppel by conduct, there must be:

1. A representation or concealment of material facts:

2. The representation must have been made with knowledge of the facts.

3. The party to whom it was made must have been ignorant of the truth of the matter.

4. It must have been made with the intention that the other party should act upon it.

5. The other party must have been induced to act upon it.. Bigelow Estoppel, 437 ; *Fletcher* v. *Holmes*, 25 Ind. 458 ; *The Greensburgh, etc., Turnpike Co.* v. *Sidener*, 40 Ind. 424.

The demurrer to appellant's cross complaint was properly sustained. It sought a foreclosure of the Atlas Company's mortgage, but neither the mortgage nor a copy thereof was filed with the cross complaint.

For error of the court below, in sustaining the demurrer to first paragraph of the answer of the defendant, Hosford, the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things reversed, at the costs of the appellees, Johnson and Finch ; and that said cause be remanded, with instructions to the Vigo Circuit Court to overrule the demurrer of the plaintiffs below to the first paragraph of the answer of the defendant, Hosford, and for further proceedings in accordance with said opinion.

Petition for a rehearing overruled.