*Johnson et al. v. Hosford et al.*

--------◆--------

No. 12,424.

JOHNSON ET AL. *v.* HOSFORD ET AL.

PLEADING.—*Character Determined from Facts Stated.*—It is not the name given to a pleading, but the facts stated in it, that determine its character.

SAME.—*Misdescription of, in Entering Judgment.—Special Finding.—Practice.*—Where there is a special finding, stating facts entitling a party to the relief granted him, and pleadings upon which the judgment may be supported, it will be upheld, although the court misdescribed the pleadings in the entry of judgment.

SUPREME COURT.—*Law of Case.*—A decision by the Supreme Court, on an appeal, is the law of the case, and governs it throughout all of its subsequent stages.

SPECIAL FINDING.—*Motion for Venire de Novo.*—While the phrase, "motion for a *venire de novo*," is not defensible on philological grounds, as

applied to the special finding of a court, yet its employment is justified by its convenience and general use.

MORTGAGE. — *Foreclosure.* — *Parties.*— *Junior Incumbrancer.*— *Redemption.* — *Reimbursement for Payments to Watchmen.*—The purchaser at a sheriff's sale, under mortgage-foreclosure proceedings, to which a junior incumbrancer was not a party, who enters into possession during the year for redemption, is to be regarded as a mortgagee in possession, and where the employment by him of a watchman is necessary to preserve the property from destruction, he is entitled to have the amount paid therefor repaid upon redemption.

SAME.—*Redemption from Mortgage.*—*Amount to be Paid.*—A junior incumbrancer, who is not a party to a suit to foreclose a prior mortgage, is not bound by the decree, and may redeem from the mortgage irrespective thereof; and the amount which he is liable to pay does not depend upon the judgment, but upon the covenants of the mortgage, and may include attorney's fees and premiums paid for insurance.

From the Vigo Circuit Court.

*J. C. Nelson, Q. A. Myers* and *C. E. Taber,* for appellants.

*J. G. Williams, S. C. Davis* and *S. B. Davis,* for appellees.

ELLIOTT, C. J.—This suit was brought by the appellants to obtain a decree directing that they be entitled to redeem from a sale made upon a mortgage held by the Atlas Insurance Company, and it is in this court for the second time. *Hosford* v. *Johnson,* 74 Ind. 479.

There were pleadings in the record, upon which the judgment rendered on the special finding may properly stand. The answer was in the nature of a counter-claim, and entitled the appellees to affirmative relief, and we can not reverse the judgment for the reason that the court wrongly described the pleading in the entry of the decree. If there is a pleading entitling the party to the judgment awarded him, his adversary can not be prejudiced by an error in describing the pleading on which the judgment is declared by the court to be founded. Where there is a special finding, stating facts entitling a party to the relief granted him, and pleadings upon which the judgment may be supported, it will be upheld although the court may have misdescribed the pleading in

the entry of judgment. The material inquiry in such a case is, whether there are pleadings upon which the judgment can legally rest, and not whether in giving a description of the pleading the court erred.

If the pleadings will support the judgment, it can not be said to be outside of the issues, although in the recital of the court there may be an error. This court will examine the pleadings, and upon them determine what is within the issues, and it will not yield to a mere recital in the decree. It is quite clear that the court could not make a judgment stand within the issues by a mere recital, if, upon an inspection of the pleadings, it appeared to be outside of them; and the converse must be true, that if the finding and judgment are within the issues, the mistake of the court in stating in the recital in the decree, that the judgment is upon a pleading not in the record, can not take the finding and judgment outside of the issues.

The sufficiency of the answer or counter-claim was determined when the case was here before, and it is a familiar rule that such a decision is the law of the case, governing it throughout all of its subsequent stages. The amendments to the pleading did not change its character so as to prevent the application of this general rule.

We think counsel for the appellants are mistaken in treating the cross complaint which they attack as in the record. We do not understand that it is in the record, but if it were, no harm resulted to appellants in allowing it a place in the record, for the issues were tried upon another pleading, and upon that the special finding rests.

It has often been decided that it is not the name given the pleading that determines its character, but the facts stated in it, and the facts stated in what is denominated the answer, are sufficient to entitle the appellees to affirmative relief, and to constitute it a counter-claim under the statute. *Standley* v. *Northwestern M. L. Ins. Co.*, 95 Ind. 254.

The appellees' counsel are right in criticising the use of the

phrase " motion for a *venire de novo*," as applied to the special finding of a court; but the phrase is a convenient one, commendable on account of its brevity, its place not easily supplied, and its employment justified by general use, so that, while its employment is not defensible on philological grounds, still it has a place in our legal terminology, and should not now be cast aside. Its meaning is well known, and its application is often made to the findings of courts as well as to the verdicts of juries. We do not, however, think that there are any defects in the special finding that a motion for a *venire de novo* will reach, for it is not uncertain or ambiguous; on the contrary the facts are fully and clearly stated.

The important questions in the case arise on the exception to the conclusions of law stated in the special finding. The facts stated by the court are substantially these : On the 13th day of March, 1874, Clark Tuttle and wife executed to the Atlas Insurance Company a mortgage on sixty acres of land, to secure the sum of five thousand dollars. The mortgagors agreed to pay five per cent. attorney's fees in case suit should be instituted to collect the debt, and to keep the mill situated on the land insured for five thousand dollars, for the benefit of the mortgagee. The mortgage was foreclosed, the property sold, and purchased by the appellee Hosford. He paid the full amount of the decree, including $212.97 attorney's fees and $325 for insurance premiums paid by the mortgagee. During the year of redemption possession of the property was given to Hosford, and he was in possession from June 26th, 1875, until May 25th, 1876. No rents were received by him, and the property had no rental value. The attorney's fees and insurance premiums referred to were paid by the mortgagee prior to the sale. While Hosford was in possession he insured the property, and paid $230 in premiums. It was necessary to procure the services of a watchman for the protection of the property. Hosford procured one and paid him $129 for his services. Hosford also paid $400 for necessary repairs to the property. The in--

terest on premiums paid by Hosford is $105.80; on attorney's fees, $97.92; on the amount paid for repairs, $184; on the amount paid to watchman, $59. After the execution of the mortgage to the Atlas Insurance Company, Tuttle and wife mortgaged the property to Johnson and Finch. This mortgage was foreclosed and the property sold to the mortgagees. Before the year for redemption, under the first mortgage, had expired, Johnson and Finch commenced this suit for the redemption of the property. They paid the principal and interest of the judgment rendered in the foreclosure suit of the Atlas Insurance Company, but have not paid any part of the attorney's fees, the insurance premiums, the amount paid for a watchman, or the amount paid for repairs. The conclusion of law is that these amounts, with interest, are due to Hosford. The appellants filed exceptions to the conclusions of law stated by the court.

As the appellants were not parties to the foreclosure suit brought by the Atlas Company, their rights are not affected by the decree rendered in that suit, and as to them the mortgage stands as if there had been no attempt to foreclose it. *Hosford* v. *Johnson, supra.* Hosford is, therefore, to be regarded as a mortgagee in possession, and, as such, entitled to the full benefit of all the covenants in the mortgage. We think the covenant gave him a right to recover the money paid by him for insurance, and that this question was settled by the decision on the former appeal. The only question not settled by that decision is as to the money paid for the services of the watchman. We think this was properly allowed. It appears clearly from the special finding that the property was exposed to danger, and that a watchman was necessary to preserve it from destruction. Under such circumstances the mortgagee in possession was justified in taking measures to insure its safety. *Rowan* v. *Sharps' Rifle Manfg. Co.,* 29 Conn. 282; Jones Mortg., section 1137.

It is stated in the special finding, in general terms, that the principal and interest of the mortgage were paid, but it

is not stated that it was received by the appellee in satisfaction of his claim; nor, indeed, is it even stated that the money was paid to the appellee. In the face of the express finding that the items enumerated were not paid, it can not be inferred that the appellee accepted the money in satisfaction of his claim, or that it was accepted as anything more than a payment of the principal and interest of the note described in the mortgage. In order to bring the case within the rule declared in *Patterson* v. *Rowley,* 65 Ind. 108, it would be necessary to presume that the money was paid and accepted in full discharge of all claims secured by the mortgage, and this presumption can not be made in the face of the facts stated in the special finding. It is not stated in the special finding that the principal, interest and costs of the judgment were paid, but that the principal and interest of the mortgage were paid, so that the clear inference is that the redemption was not from the decree, but from the mortgage. The appellants were not bound by the decree, and, therefore, had a right to redeem from the mortgage irrespective of the decree. Had they redeemed from the decree, they would have been compelled to pay the principal, interest and costs of the judgment, with ten per cent. interest; but, as they were not bound by the decree, that burden was not put upon them. The amount which they were liable to pay to entitle them to redeem was not fixed by the judgment, but depended upon the covenants of the mortgage and the rights of the appellee as occupying the position of mortgagee in possession under the mortgage. The rights of the parties—both the mortgagee and the redemptioners—are to be determined from the mortgage, and not from the decree.

Judgment affirmed.

Filed Feb. 17, 1887.

## On Petition for a Rehearing.

Elliott, J.—It is insisted by counsel that we were in error in affirming that all of the questions arising on the special finding, excepting one, were decided on the former appeal, but we find on re-examining the case that it is the counsel who are in error.   On the former appeal it was decided that the appellee was entitled to recover premiums paid for insurance, attorney's fees and money expended for repairs.   Of the last item the court said : "A mortgagee in possession is chargeable with the rental value of the property, and on a redemption of his mortgage he is entitled to be reimbursed for all necessary repairs made on the mortgaged premises.   See Jones on Mortg., section 1129, and the numerous authorities there cited."   *Hosford* v. *Johnson*, 74 Ind. 479.   This must be deemed the law of this case, whether it is to be regarded as authority in other cases or not, for the questions referred to were all directly before the court and were adjudicated, so that the decision there made becomes the law of the case.   We did not in our former opinion attempt to lay down any general rule as to the right of a mortgagee to reimbursement for repairs, nor do we do so now, but we simply act upon the elementary rule that a decision on appeal rules the particular case throughout all its stages.

The right of the appellee to recover money paid for the services of a watchman to protect the property from destruction by fire was not decided on the former appeal, but we think the authorities cited in our former opinion clearly sustain that right.

The decision on the former appeal declared that the mortgage bound the mortgagors to pay insurance premiums, and that the junior mortgagees could not redeem without doing what the mortgagors had covenanted to do.   This necessarily determined the right of the senior mortgagee to require the payment of those premiums by the appellants.

when they sought to redeem, for they are asking to redeem from the mortgage and not from the sale. The law of the case is made for us by that decision, and even if we now regarded it as erroneous, we should be bound to follow it; but on this point, at least, we think it clearly right. It is very clear that a junior mortgagee has a right to redeem only by doing what the senior mortgage bound the mortgagor to do, since to hold otherwise would give the junior mortgagee a better right than the party through whom he derives his title.

It may not be out of place, although it may not be necessary, to suggest that here the appellee is a mortgagee in possession; while in *Cutterlin* v. *Armstrong*, 101 Ind. 258, the party in possession was there as owner. What the party in possession in that case did, both in receiving rents and making repairs, was as owner; while here the appellee's title had not ripened into that of ownership. *State, ex rel.,* v. *Sherill,* 34 Ind. 57; *Davis* v. *Langsdale,* 41 Ind. 399; *Felton* v. *Smith,* 84 Ind. 485, see p. 487; *Bodine* v. *Moore,* 18 N. Y. 347.

Petition overruled.

Filed June 30, 1887.