Miller *v.* Curry *et al.*

No. 14,228.

MILLER *v.* CURRY ET AL.

QUIETING TITLE.—*Disclaimer.*—*Pleading.*—In an action to quiet title it is not error to overrule a demurrer to an answer by the defendants, who are not in possession, which disclaims any interest in the real estate in controversy and alleges that the defendants had never claimed any interest in the land.

MORTGAGE.—*Permanent Improvements by Mortgagee.*—*Recovery for.*—*Repairs.*—Where one goes into possession of land under a deed absolute upon its face, but which is, in fact, a mortgage, believing, in good faith, that he is the owner of the land, and makes permanent improvements thereon, he is not entitled to recover for the value of the improvements, but may recover for the value of repairs.

From the Wells Circuit Court.

*A. N. Martin,* for appellant.

*E. R. Wilson* and *J. J. Todd,* for appellees.

ELLIOTT, J.—The appellant's complaint contains several paragraphs; the first is to quiet title, and the others allege that the appellant executed to Amos Curry, in his lifetime, an instrument, in form a deed, but which was in fact a mortgage. Elizabeth Curry, Mary Studabaker and Edwin R. Wilson filed an answer disclaiming any interest in the real estate in controversy, and alleging that they had never claimed any right, title to, or interest in it.

It is asserted by appellant's counsel that the court erred in overruling her demurrer to these answers, but counsel are in error. If it is true, as the demurrer admits, that the defendants had never claimed an interest in the land, the appellant had no cause of action against them. Their disclaimer fully answered a material allegation of the complaint, and was sufficient to defeat the action; for, if they had never claimed title, the plaintiff had no cause of action against them. The case is unlike that of a party in possession who, without denying or yielding possession, simply disclaims title. *McAdams* v. *Lotton,* 118 Ind. 1.

The material questions in the case arise on the special findings of fact made by the court, and the conclusions of law stated thereon, for the findings clearly show on what pleadings the cause was tried and the judgment rendered; so that if it were conceded that there was error in overruling the demurrer to the second paragraph of the answer for the reason that it professed to answer all of the paragraphs of the complaint, but did not, in fact, answer the first paragraph, the judgment could not be reversed, because it affirmatively appears that the ruling did not affect the merits of the case.

The facts contained in the special finding are, in substance, these : In November, 1876, the appellant became the owner of the real estate in controversy. On the 6th day of September, 1877, John W. Kenagy recovered a judgment against her, which became a lien on the real estate; on the 5th day of February, 1878, the Singer Manufacturing Company recovered a judgment against her ; on the 13th day of January, 1879, Studabaker and Wiley recovered a judgment against her, and on the 17th day of November, 1879, Samuel Pemberton also recovered a judgment against her. Executions were issued on all of the judgments, and the appellant claimed the real estate as exempt from execution; but, notwithstanding her claim, the property was sold and she redeemed it from the sale. The property was sold for taxes at various times, and deeds issued to the purchasers. On the 3d day of February, 1883, Amos Curry lent to the appellant four hundred dollars, and to secure the payment of the money borrowed she executed to him a deed, absolute on its face ; Curry, at the same time, executed a written agreement wherein it was recited that he had advanced four hundred dollars to the appellant, and promised to execute a quitclaim deed to Mary J. English in the event that the money lent to the appellant was paid within ninety days. On the 7th day of March, 1883, the appellant executed to Curry another

quitclaim deed for the property; Curry, at the same time, agreed in writing to reconvey the real estate to the appellant upon the payment of the money lent to her and paid out for her. At the request of the appellant Curry paid to the holder of one of the tax-deeds $200, and received a quitclaim deed, and he also paid other tax claims and liens by her direction. Curry took possession of the land in October, 1883, and continued in undisturbed possession until the 17th day of September, 1885. While he was in possession he made valuable and permanent improvements; all of the improvements were made by him in good faith, and in the belief that he was the owner of the land. The rental value of the land was fifty dollars per year. On the 17th day of September, 1885, Curry died, leaving a will, which was duly admitted to probate, and Hugh Dougherty appointed administrator with the will annexed. Amos Curry devised the real estate in controversy to his son, David F. Curry, and provided that all property devised to his son David F. should be placed in the hands of trustees. Hugh Dougherty and David Studabaker were duly appointed such trustees, and are now in possession of the property. On the 21st day of November, 1885, the appellant demanded a reconveyance of the land, but the parties refused to reconvey. At various times the appellant paid Amos Curry sums of money, aggregating four hundred dollars. The conclusions of law stated are, in substance, these :

1st. The instruments executed to Amos Curry by the appellant are mortgages, and not absolute deeds of conveyance.

2d. The judgments mentioned in the finding of facts are liens on the land in the hands of Hugh Dougherty, the administrator and trustee, and David Studabaker, trustee.

3d. Dougherty, as administrator, is entitled to the value of the improvements made by Curry while in possession, and he is also entitled to a lien for the money paid to the appellant, and for the money paid for her.

Miller *v.* Curry *et al.*

4th.  The appellant is entitled to a decree quieting her title against the appellees, except as to the sum of $1,080, that being the amount of the money paid to the appellant, and paid for her upon judgment and tax liens, and for improvements and repairs.

The questions with which we are concerned are such only as affect the rights of the appellant, as there is no controversy between the appellees.  If, therefore, the conclusions of law and the judgment are correct as to the appellant, the judgment must be affirmed, as no question as to the rights of the appellees between themselves is before us.

We have no doubt that the land was bound for the money paid to the appellant, and paid upon the judgment liens and for taxes.  This would be so even if the appellant had not authorized the payment of such liens, for the mortgagee had a right to pay them to protect his title, and upon payment he acquired a lien under his mortgage.  Thus far the case is free from difficulty, but upon the question as to whether the mortgagee was entitled to compensation for improvements made while in possession, there is some difficulty.

The trial court rightly decreed that the instruments executed by the appellant were mortgages.  *Voss* v. *Eller*, 109 Ind. 260; *Hanlon* v. *Doherty*, 109 Ind. 37.  As they were mortgages in the beginning, so they continued, for " Once a mortgage, always a mortgage." It is true, that the maxim which we have quoted is not always applicable, nor is it, indeed, to be taken as anything more than a concise expression of a very general rule; but it applies in this case, for there is nothing which takes the case out of the ordinary general rule.   There was no cancellation of the indebtedness or release of the judgment and tax claims, so that the mortgages continued as securities for the payment of those claims, as well as for the sums of money paid directly to the mortgagor.

As the instruments upon which the claim of the appellees is based are mortgages, they possess, notwithstanding their form, all the incidents of mortgages.  *Voss* v. *Eller*,

*supra.* Their effect was never changed, for the reason that there was no agreement extinguishing the indebtedness and releasing the debtor. Had there been such an agreement a very different question would be presented.

The instruments, although absolute on their face, were, as we have already said, in fact mortgages, and as the grantee took possession under them it must follow that he took possession as mortgagee. It can make no difference that he believed, in good faith, that he was the owner of the land, for the contract which gave him the only right he could possibly have, made him a mortgagee, and not an owner. His mistake was one of law and not of fact, and that mistake can not affect the rights of the mortgagor. If he had no title as owner, but did have one as a mortgagee, it certainly results that his possession was that of a mortgagee.

We must regard Curry as a mortgagee in possession, and not as an owner, and the question, therefore, is, is he entitled, as mortgagee, to compensation for improvements made by him while in possession? This question is not determined by the case of *Catterlin* v. *Armstrong*, 79 Ind. 514, nor by the case of *Gaskell* v. *Viquesney*, 122 Ind. 244; for here the question arises between the mortgagor and the mortgagee in possession, so that the question is radically different from that presented in the cases to which we have referred.

The general rule unquestionably is, that a mortgagee in possession has no right to make improvements at the expense of the mortgagor, although he may make repairs when required to preserve and protect the mortgaged premises. Mr. Jones thus states the rule. Speaking of the mortgagee he says: "He has no authority to make the estate better at the expense of the mortgagor, but is bound to use reasonable means to preserve the estate from loss and injury." 2 Jones Mortgages (4th ed.), section 1126; see, also, section 1127, and note.

There may, perhaps, be exceptions to the general rule, but

the facts stated in the special finding do not carry this case out of that rule.

The trial court erred in allowing the appellees the value of the improvements made by Curry while in possession, but it did not err in allowing the value of the repairs.

Justice requires that a new trial should be awarded to the appellant; the judgment is therefore reversed, with instructions to the circuit court to grant a new trial, as to the appellees other than those named below, and to proceed in accordance with this opinion.

The judgment is affirmed as to the appellees, Elizabeth Curry, Mary Studabaker, and Edwin R. Wilson, at the costs, as to them, of the appellant.

Filed April 30, 1890.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—It is insisted by the appellees' counsel that we were in error in holding, as we did, that the appellees having entered into possession as mortgagees were not entitled to recover for permanent improvements made by them. We have given the able and courteous argument of counsel careful consideration, and are strengthened, not shaken, in our former conclusion.

Counsel refer us to 2 Jones Mortgages, section 1128, where it is said: "When the mortgagee makes permanent improvements, supposing he has acquired an absolute title by foreclosure, upon a subsequent redemption he is allowed the value of them." This statement of the law was not controverted by us, for we could not deny it without wandering from the case presented by the record, for here there was no decree of foreclosure. All that the appellees' ancestor had was a naked mortgage, and under that he entered into possession.

In the case of Mickles v. Dillaye, 17 N. Y. 80, there was a decree of foreclosure, and it was by virtue of the decree that the plaintiff entered, so that the decision there made is

not at all relevant to the case before us.    In that case the general rule was declared as we declared it, the court saying : " Where the conventional relation of mortgagor and mortgagoe is shown and acknowledged between the parties, there is no reason why the latter should be allowed to obstruct the right of redemption by expending money upon improvements."

The case of *Green* v. *Dixon*, 9 Wis. 485, is not in point, for in that case there was a decree of foreclosure, and the mortgaged premises had passed into the hands of an innocent purchaser.

We regret that we can not comply with the appellees' request and determine the case upon the special findings by directing a *remittitur*, but we are unable to do so because the case was tried upon an erroneous theory.    If the appellees should show, on a new trial, that the debt secured by the mortgage was paid or released they may fully succeed ; but we can not go back to the evidence in the face of the special findings to determine that question.

The appellees who disclaimed, and against whom this appeal has failed, must, of course, recover costs.

Petition overruled.

Filed May 17, 1890.