No. 15,010.

## THE BLUE RIDGE MARBLE COMPANY *v.* DUFFY.

ESTOPPEL.—*Sale of Real Estate.*—*Acquiescence.*—*Pleading.*—In an action to enjoin the sale of certain real estate on execution to satisfy a judgment in favor of the defendant and against a third person, the complaint alleged that before the judgment was recovered the real estate was conveyed to the plaintiff and the deed recorded on the same day. The answer alleged that at the sale on execution (which took place after the complaint was filed) the plaintiff stood by and saw the real estate sold as the property of the judgment debtor and purchased by the judgment creditor and made no claim thereto, but it failed to allege that the defendant had no notice of the sale to the plaintiff of the real estate in controversy.

*Held,* that the answer was insufficient as a plea of estoppel, and was demurrable.

From the Bartholomew Circuit Court.

*J. W. Morgan,* for appellant.

*G. W. Cooper* and *C. B. Cooper,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant, and one Brown, as the sheriff of Bartholomew county, to enjoin the latter from selling, on an execution in his hands, certain described real estate in said county. The complaint alleges that the appellant recovered a judgment in the Bartholomew Circuit Court against one Godfrey, on the 23d day of March, 1888 ; that the clerk of said court issued an execution on said judgment, and placed the same in the hands of said Brown, as the sheriff of said county, who levied the same on the real estate described in the complaint as the property of said Godfrey, and was threatening to sell the same in satisfaction of said judgment ; that said real estate was not the property of said Godfrey at the time said judgment was rendered, nor at the time of said levy ; that on the 21st day of March, 1888, said Godfrey conveyed said real estate to the appellee, by deed, which was duly recorded on the same day. Prayer for an injunction. The complaint was filed on the 7th day of July, 1888.

To this complaint the appellant filed an answer, the second paragraph of which avers that the real estate described in the complaint was sold by said Brown, as such sheriff, on the execution described, on the 11th day of August, 1888; that appellant purchased the same for the sum of $250, and the costs of sale, amounting to $34; that the appellee, at the time of the sale, stood by and saw said real estate sell as the property of Godfrey, and made no claim thereto; that appellant, at the time of the commencement of this suit, was a non-resident of the State, and had no notice of the pendency thereof; that no summons was issued against the appellant, or publication made, and that no notice of the pendency of this action was given at the time of the sale, and that the appellant was ignorant thereof at the time of the purchase.

A demurrer was sustained to this answer, and appellant excepted. The only question in the case relates to the propriety of the ruling of the circuit court in sustaining the demurrer to this answer.

The answer is pleaded upon the theory that the matters therein set out estopped the appellee from maintaining her action for an injunction. As a plea of estoppel this answer is clearly insufficient. *Hosford* v. *Johnson*, 74 Ind. 479. It admits that the appellee's deed was duly recorded on the 21st day of March, 1888, two days prior to the date of the appellant's judgment against Godfrey, and does not deny that appellant had notice of appellee's title at the time of the purchase at the sheriff's sale.

Nor does the answer aver that the appellant acted upon the silence of the appellee.

This was not a secret title, but it was one of which notice had been promptly given to the world in the manner prescribed by law, and of which the appellant was bound to take notice.

The court did not err in sustaining a demurrer to this answer.

Judgment affirmed.

Filed April 11, 1891.