## WISE v. LAYMAN ET AL.

[No. 25,108. Filed January 27, 1926. Rehearing denied March 16, 1926.]

1. JUDGMENT.—*Office of a motion to modify judgment is to make it conform to the finding and not to change the finding.*— The office of a motion to modify a judgment is to so change the judgment as to make it follow the finding, and has nothing whatever to do with the finding. p. 396.

2. JUDGMENT.—*Motion to modify judgment properly overruled when judgment is in accord with finding.*—A motion to modify a judgment so as to state that the defendant was indebted to the plaintiff instead of that plaintiff was indebted to defendant was properly overruled where the judgment was in accord with the finding. p. 396.

3. MORTGAGES.—*Evidence held to show that instrument in form of deed was a mortgage.*—Evidence held to show that an instrument in the form of a deed was a mortgage. p. 396.

4. MORTGAGES.—*Inadequacy of price may be considered in determining whether instrument in form of deed is mortgage.*— Inadequacy of price for the value of the land may be considered in determining whether an instrument in the form of a deed is a mortgage. p. 396.

5. MORTGAGES.—*In decreeing that a deed is a mortgage, the court should fix the time within which redemption can be made, which is in discretion of the court.*—In a proceeding to have a deed adjudged a mortgage, if the court finds that it is, in fact, a mortgage, it should fix the time within which redemption may be made, which is in the sound discretion of the court under all the circumstances. p. 396.

6. MORTGAGES.—*Where part of consideration for mortgage was payment of certain liens which were not paid promptly, resulting in sale of property at sheriff's sale, on redemption from the mortgage, the mortgagee was entitled to reimbursement for amount of liens only and not for amount he was required to pay to secure title.*—Where a part of the consideration for a mortgage was the payment by the mortgagee of certain liens, which were not paid until the property was sold at sheriff's sale and mortgagee was obliged to secure a deed from the purchaser at a higher price, on redemption from the mortgage, he was entitled to reimbursement out of the mortgaged property for the amount of the liens only and not for the amount he was required to pay for the deed. p. 398.

7. MORTGAGES.—*Where land was conveyed to another to procure a loan and execute mortgage to secure payment thereof, which was done, but the mortgage not recorded, on redemption by*

*owner, mortgagee entitled to reimbursement for amount of loan with interest.*—Where land was conveyed to another to hold in trust for the grantor and procure a loan thereon and execute a mortgage to secure payment thereof, which was done, but the mortgage not recorded, and owner of property received part of the proceeds of the loan, on redemption from the mortgage by the owner, the mortgagee was entitled to reimbursement for the amount of the loan with interest.   p. 398.

8.  MORTGAGES.—*Mortgagee compelled to pay prior mortgage, judgment or other lien has right to indemnify himself out of mortgaged property.*—A mortgagee who is required to pay a prior mortgage, judgment or other lien, or interest thereon, in order to protect his interest in the property, has, as against the mortgagor and those claiming under him, a right to indemnify himself out of the mortgaged property.   p. 398.

9.  MORTGAGES.—*Mortgagee is entitled to interest paid on prior mortgage in order to protect his interest in mortgaged property.*—A mortgagee who is compelled to pay interest on a prior mortgage in order to protect his interest in the mortgaged property is entitled to reimbursement for the amount paid.   p. 398.

10.  MORTGAGES.—*Taxes and municipal improvement assessments paid by mortgagee must be repaid to him on redemption.*—Taxes and municipal improvement assessments paid by the mortgagee to preserve his security must be repaid upon redemption from the mortgage.   p. 399.

11.  MORTGAGES.—*Mortgagee in possession must exercise same care over mortgaged property as prudent man would exercise over his own.*—As a general rule, a mortgagee in possession is bound to exercise the same care over the mortgaged property that a prudent man would exercise over his own.   p. 399.

12.  MORTGAGES.—*Mortgagee in possession is entitled to be reimbursed for repairs made on mortgaged property but not for improvements.*—A mortgagee in possession is entitled to be reimbursed for the expense of necessary repairs to protect the property, but not for the expense of improvements made thereon.   p. 399.

13.  MORTGAGES.—*Mortgagee in possession entitled to be reimbursed for painting, papering, etc., so as to keep property from deteriorating and in rental condition.*—A mortgagee in possession of mortgaged property which is rented to tenants as a dwelling is entitled to be reimbursed for expense of painting, papering, plumbing, screens, window shades and grading and sodding yard so as to keep the property from deteriorating and to maintain the same in a rental condition.   p. 399.

14.  MORTGAGES.—*Mortgagee not entitled to be reimbursed for premiums paid for insurance to insure his own interest as*

*mortgagee, except where so specified in the mortgage.*—Except where so specified in the mortgage, a mortgagee is not entitled to be reimbursed for premiums paid for insurance to insure his own interest as mortgagee, where the amount recovered on the policy in case of loss would go to him for his sole benefit.   p. 400.

15.  MORTGAGES.—*Mortgagee in possession should keep record of and account to mortgagor for rents collected.*—A mortgagee in possession of the mortgaged property should keep a record of and account to mortgagor for rents collected.   p. 400.

From Cass Circuit Court; *Robert C. Hillis,* Special Judge.

Action by Emma Augusta Wise against Rufus Layman and others.   From a judgment for the plaintiff for an unsatisfactory amount, she appeals.   [Transferred to the Supreme Court under §1357 Burns 1926, §1394 Burns 1914.]   *Affirmed on condition of remittitur.*

*W. E. Henderson,* for appellant.

*Don P. Strode, R. L. Ewbank* and *Louis Rosenberg,* for appellees.

GEMMILL, J.—Suit by appellant to have a deed declared a mortgage and for an accounting.   In appellant's complaint, filed in the Howard Circuit Court, against the appellees, Rufus A. Layman and Etta M. Layman, his wife, she alleged that she was the sole owner of certain real estate in the city of Kokomo; that said Rufus Layman had the possession of same under a deed which deed was, in truth and fact, a mortgage.   The defendants filed an answer in general denial and also filed a cross-complaint to quiet title in which it was alleged that Rufus Layman was the owner of the lot in question; and that the appellant had no right, title or interest therein.

The cause was tried by the court.   There was a finding against the appellees on the cross-complaint, finding for the appellant on her complaint that the deed de-

clared upon was a mortgage, and finding upon the accounting between appellant and appellee Rufus Layman, that there was due the latter the sum of $1,252.46. It was provided that said sum be paid within one hundred days and, upon failure of appellee to execute a deed, the appellant could have a commissioner appointed to execute a deed to her. It was further provided that in case appellant failed to make said payment within the time fixed for same, then the appellee should have the right to foreclose said deed as a mortgage. It was also found by the court that the Kokomo Trust Company had a first mortgage on said real estate in the sum of $800.

Appellant assigns as errors on appeal that the court erred in overruling her motion for a new trial and in overruling her motion to modify the judgment.

The motion to modify the judgment was for the purpose of having same state that appellee was indebted to her in a certain amount instead of appellant being indebted to him. The office of a motion to modify a judgment is to so change it as to make it follow the finding and has nothing whatever to do with the finding. *Moore* v. *Moore* (1922), 81 Ind. App. 169, 135 N. E. 362. The finding did not support appellant's contention and the ruling on said motion was not erroneous.

Although there are many contradictions in the evidence, it is shown: That appellant had been the owner of the real estate described in her complaint for several years, and that on September 18, 1914, she conveyed same by warranty deed to one Anna Pitt, who was to hold the property for appellant and to procure a loan and to execute a mortgage thereon to secure its payment. That prior to the execution of this deed, judgment of foreclosure of certain liens on said real estate had been taken against appellant, which

judgment liens amounted to $389.90. That on July 7, 1915, said Anna Pitt and her husband conveyed said real estate to the appellee, Rufus Layman, the deed reciting a consideration of $3,000. This deed was made with the knowledge and consent of appellant. The consideration named in the deed was not paid and was not the true consideration. Appellee was to pay said liens against the property, and from his own testimony, it appears that he said he would pay the liens, that he did not want the property, but wanted his money out of it, and would make a deed if repaid within ninety days. Also, it is shown that the appellee took a mortgage on the property on July 2, 1915, which was never recorded, to secure the payment of a note given for groceries purchased and money borrowed by the appellant and Mrs. Pitt. We believe the evidence clearly shows that it was the intention of the parties that the absolute conveyance was to stand as security for the payment of a debt, the amount of same being the sum due on the liens on the real estate, which liens appellee was to pay; and said deed was, therefore, a mortgage. When the deed was executed to appellee, the value of the property was $3,000, and the liens on same amounted to less than $1,500. So, the inadequacy of price is a circumstance which indicates that the deed was intended to be a mortgage and was not intended to place the absolute ownership of the real estate in the appellees. This alone would not be conclusive, but same can be considered in connection with other evidence. No valid objection can be made to the part of the judgment in regard to the time of redemption. In 2 Jones, Mortgages (7th ed.) §1107, it is said: "The decree should fix the time within which the redemption is to take place. The time rests in the sound discretion of the court in view of all the circumstances."

In her motion for a new trial, appellant assigned the

following principal cause therefor: That the finding of the amount due the defendant was erroneous, 6, 7. being too large. In the matter of the accounting, we believe as claimed by appellant, that there was error in the assessment of the amount that appellee should recover. The judgment liens on the real estate which he was to pay amounted to $389.90. He did not pay same promptly, but permitted the property to sell at sheriff's sale, and later secured a deed from the purchaser at that sale for which he claims to have paid $423.97. His debt should be for the amount which he was to pay and not for the amount paid many months later. There is no evidence that he was to be paid interest on said sum of $389.90. The note executed by Anna Pitt to appellee for $250, and secured by mortgage on the real estate in question, was executed with the knowledge and consent of the appellant, who received part of the groceries and money for which said note was given. This note provided for interest at the rate of six per cent. per annum, and the interest to date of judgment amounted to $112.91. The accounting between the parties hereto in regard to the real estate should be complete, and appellee should have this note and interest due on same included in settlement before being compelled to execute a deed to appellant.

A mortgagee in possession, who is compelled to pay a prior mortgage, judgment, or other lien, or interest thereon, in order to protect his title, has, as 8, 9. against the mortgagor and those claiming under him, a right to indemnify himself out of the mortgaged property. 2 Jones, Mortgages (7th ed.) §1137; 5 Thompson, Real Property §4744. The testimony of Mr. Layman was that he paid the interest on the note for $800 secured by mortgage, held by the Kokomo Trust Company for a period of eight years and the interest was $64 each year. It is not disputed that

he made said payments. For same, he is entitled to reimbursement in the sum of $512.

Taxes paid by the mortgagee on the mortgaged premises to preserve his security, must be repaid upon redemption. 5 Thompson, Real Property §4744; 2 Jones, Mortgages (7th ed.) §1134. Any assessment made by authority for public purposes, and which by law is a primary lien on the property, is in the same class as taxes. Appellee showed by tax receipts and a special improvement receipt, that he had paid taxes and a sidewalk assessment amounting to $371.90.

As a general rule, a mortgagee in possession is bound to exercise the same care and supervision over the mortgaged property that a prudent man would exercise over his own. 19 R. C. L. §106, p. 331. It is well settled that a mortgagee in possession is entitled to be reimbursed for necessary repairs made on the mortgaged property. *Hosford* v. *Johnson* (1881), 74 Ind. 479, 484; *Johnson* v. *Hosford* (1887), 110 Ind. 572, 578, 10 N. E. 407, 12 N. E. 522; *Miller* v. *Curry* (1890), 124 Ind. 48, 52, 24 N. E. 219, 374; *Horn* v. *Indianapolis Nat. Bank* (1890), 125 Ind. 381, 385, 25 N. E. 558, 9 L. R. A. 676, 21 Am. St. 231; 2 Jones, Mortgages (7th ed.) §1117; 19 R. C. L. §106, p. 332. But a mortgagee cannot charge the expense of improvements to the redemptioner. *Miller* v. *Curry, supra;* *Horn* v. *Indianapolis Nat. Bank, supra;* 2 Jones, Mortgages (7th ed.) §1117. Appellee made proof that he had made expenditures for the property, amounting to $546.01 for general repairs, painting, wall paper, plumbing, window shades, screens, and grading and sodding yard. What are reasonable and necessary repairs depends upon the particular circumstances of each case. The said expenditures made by appellee, in our opinion, were for reasonable and necessary repairs to

keep the property from deteriorating and to maintain same in rental condition. Appellee is entitled to reimbursement in said sum of $546.01, for said payments.

Appellee made proof of a certain disbursement for insurance of the mortgaged premises. A mortgagee is not to be allowed for premiums paid by him to

14. insure his own interest as mortgagee where the amount recovered in case of loss would go to him for his sole benefit. 5 Thompson, Real Property §4744. It is not shown that the insurance policy was for the benefit of appellant, and appellee is not entitled to have said premiums repaid.

Appellee did not keep any record of rents collected, as he should have done. He testified, and it is not denied, that he did not get possession of the prop-

15. erty and did not begin to collect rent until after he secured deed from the purchaser at the sheriff's sale. It appears from the evidence that he should be charged with rents amounting to $1,169. He should account for same.

The amount due the appellee Rufus Layman on the accounting, according to our calculation is $1,013.72, which is $238.74 less than the amount found due him by the trial court.

If appellee will within thirty days remit $238.74 of said judgment, as of its date, the judgment will be affirmed at appellee's costs; otherwise, the judgment is reversed at appellee's costs, with instructions to sustain appellant's motion for a new trial. If there should be a new trial, same should be upon all the issues made by the pleadings.