Allan J. WILLIG, Jr. and Nancy A. Willig, Appellant–Defendants,

v.

William R. DOWELL and Delores J. Dowell, Appellee–Plaintiffs.

No. 61A05–9302–CV–39.

Court of Appeals of Indiana, First District.

Jan. 31, 1994.

B. Michael McCormick, Terre Haute, for appellant-defendants.

Harold J. Bitzegaio, John P. Nichols, Terre Haute, for appellee-plaintiffs.

## ON REHEARING

BAKER, Judge.

The Willigs seek a rehearing on our decision in *Willig v. Dowell,* 625 N.E.2d 476

(Ind.App.1993), in which we affirmed the trial court's determination of the existence of an equitable mortgage between the Dowells and the Willigs. They allege numerous grounds claiming our opinion was erroneous. We find only two grounds have merit.

Although it is of no consequence, we mistakenly stated the date on which the Dowells relisted the home for $119,500 as October 14, 1986. *See id.* at 480, 482. The trial court's Finding No. 38 provided that the list price was reduced in late February or early March 1987. However, this finding conflicts with the record because the Dowells had already agreed to sell the house to Alexander on February 14, 1987 for $113,000. Dolores' conflicting testimony reflects the uncertainty of the month in which the price was reduced. *See* Record at 400, 455–56, 487. Unfortunately, the listing agreement reducing the list price from $175,000 is not in the record to specify the exact date. The only certainty is that the reduced listing occurred sometime after the first listing at $175,000 expired on August 26, 1986 and before February 14, 1987.

Regardless of the precise date the Dowells reduced the list price, the Willigs did not object to the lowered price until March 12, 1987, almost one month after the Dowells accepted Alexander's offer. Moreover, Finding No. 38 does not affect the conclusions or judgment and was merely superfluous.

The second error is the affirmance of the trial court's order for the Willigs to reimburse Dolores $1,617 for the insurance premiums paid after construction was completed. This order is contrary to law. *See Wise v. Layman* (1926), 197 Ind. 393, 400, 150 N.E. 368. Generally, a mortgagee in possession, who pays a prior mortgage, judgment, taxes, or other lien or makes necessary repairs on the property, is entitled to reimbursement for such expenditures. *Id.* However, a mortgagee in possession is not entitled to recover premiums paid to insure his own interest as a mortgagee where any amount recovered for a loss would be for his sole benefit. *Id.* Accordingly, we vacate that portion of our opinion discussing the

insurance premiums. *See Willig,* at 483. We remand for the trial court to amend its judgment in accordance with this opinion.

Rehearing granted.

RUCKER and ROBERTSON, JJ., concur.