Hanna, Administrator, *v.* Dunham.

Filed Oct. 12, 1894.

———◆———

1,299.

HANNA, ADMINISTRATOR, *v.* DUNHAM.

DECEDENTS' ESTATES.—*Administrator.*—*Confession of Judgment.*—*Costs.* —An administrator has no power, except by permission of court, to allow judgment to go by confession, and, hence, an offer by the administrator, without leave of court, to confess judgment, can in nowise affect liability for costs.

From the White Circuit Court.

*A. K. Sills* and *R. J. Million,* for appellant.

*E. B. Sellers* and *W. E. Uhl,* for appellee.

Ross, J.—The facts as we gather them from the record and briefs of counsel are that the appellee, in August, 1893, filed a claim for $1,046.75 against the estate of Robert Neel, deceased, of which estate appellant is administrator, and the claim not having been allowed, was transferred to the issue docket for trial. After the trans-

fer to the issue docket, and long before it was called for trial, to wit, February 16, 1893, the appellant made an offer in writing, to allow judgment to go for the sum of $400 and costs.   On the 9th day of March, 1893, the appellee, after trial by jury and the return of a verdict in his favor, recovered judgment for $325, and on the same day appellant moved the court to tax against the appellee all costs accrued subsequent to the date of the offer to confess.   This motion was overruled by the court, and this ruling is the only question presented on this appeal.

The appellee insists that the ruling of the court in overruling this motion was not an error for the reason that section 522, R. S. 1894, which provides that the defendant may, at any time before the trial, serve upon the plaintiff an offer in writing to allow judgment to go against him for the amount therein specified, with costs, is not applicable to the litigation of claims against decedents' estates; that the adjustment of such claims is regulated by the decedent's estate act, and an administration can not, after a claim has been placed upon the issue docket, allow it without the approval of the court.

On the other hand the counsel for the appellant insist that section 522, *supra*, is applicable to cases against decedents' estates, and that if the claimant does not accept the offer to confess, and upon trial recovers less than the offer, he shall be taxed with all costs accrued subsequent to the time of making the offer.

By section 103 of the act of September 19, 1881 (section 2327, R. S. 1881), an executor or administrator was empowered to allow judgment to go by confession against the estate which he represented, but this section was repealed by section 35 of the act of March 7, 1883 (Acts 1883, page 164).

Section 2480, R. S. 1894, which provides that the trial of claims, which have been transferred to the issue

docket, shall be conducted as in ordinary civil cases, has reference to the manner of proceeding with the trial, and does not make section 522, *supra,* applicable, and authorize the administrator to allow judgment to go by confession. We do not desire to be understood as holding that when a claim has been transferred to the issue docket judgment shall not be rendered thereon against the estate except after a trial by court or jury, but we do hold that the administrator can not allow judgment to go except with the consent of the court. Holding, as we do, the appellant had no power to allow judgment to go by confession, the court below did not err in overruling the motion to tax costs.

