EMMERLING, ETC. *v.* JAMES C. CURTIS & CO.

[No. 15,838. Filed January 19, 1937.]

140

*Fred Barnett* and *Paul F. McCain,* for appellants.

*Frederick C. Crumpacker, Edwin H. Friedrich, Jay E. Darlington* and *Frederick C. Crumpacker, Jr.,* for appellee.

WOOD, C. J.—Appellee has filed a motion to dismiss this appeal predicated upon the theory that the action of the trial court from which appellants now seek to appeal does not come within the class of orders or judgments from which appeals are permitted under our statutes authorizing the same.

It appears that on October 4, 1934, the appellee filed its petition in the trial court, making the appellants parties defendant thereto, seeking to have the final report of the administratrix of the estate of one Nicholas Emmerling, deceased, set aside as provided by Sec. 6-1424 Burns 1933, §3220 Baldwin's 1934. Issues were thereafter joined between the parties to this proceeding and such action was taken as that upon February 13, 1936, after trial had to the court without a jury, a finding was made upon which the following order was entered by the court, to wit: "It is therefore considered, adjudged and decreed by the court, that the estate of Nicholas Emmerling, deceased, be and the same is hereby reopened for the purpose of permitting plaintiff to prosecute its claim, and that plaintiff's claim be and is hereby reinstated on the civil docket to stand as a claim against the estate of Nicholas Emmerling, deceased."

Neither of the parties contend, nor could it be successfully contended, that this appeal is perfected as an appeal from an interlocutory order. If it has any standing in this court, it must be as an appeal from a final judgment.

"A judgment or decree, to be final within the meaning of the word 'judgment' in the statute (Sec. 2-3201 Burns 1933, §471 Baldwin's 1934) must terminate the litigation between all the parties on the issues of the case made by the pleadings, so that if the judgment or decree be affirmed, the court which had initial jurisdiction, and to which court jurisdiction is revived upon the case being remanded, would have nothing to do but to execute the judgment or decree it had rendered." *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 175, 166 N. E. 659, and cases there cited; *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783.

Proceedings to set aside the final settlement of an estate under Sec. 6-1424 Burns 1933, §3220 Baldwin's 1934, are quite analogous to proceedings for relief from a judgment in a civil cause under Sec. 2-1068 Burns 1933, §173 Baldwin's 1934. Our courts have repeatedly held, that the sustaining of an application to have a judgment set aside under the last section of the statute above cited is not a final judgment from which an appeal will lie. *Woddard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195. No reason has been pointed out nor does any occur to us why the same principles of law would not apply to proceedings had under either one of the sections of the statute above cited. The cases of *Hughes, Admr.* v. *Patton* (1917), 67 Ind. App. 654, 114 N. E. 224; and *Staub* v. *Staub* (1918), 68 Ind. App. 278, 114 N. E. 473, sustain this conclusion.

The order of the court from which the appellants attempt to appeal was not a final judgment as above defined. The appeal is dismissed.