BRILES, ADMINISTRATOR *v.* PRUDENTIAL INSURANCE
CO., ET AL.

[No. 27,347. Filed February 10, 1940. Rehearing denied
March 4, 1940.]

Raymond F. Murray, of Indianapolis, for appellant.

Samuel Dowden, Fae W. Patrick, and Thomas L. Weber, all of Indianapolis, for appellee.

ROLL, J.—This action was to recover $308.56, from the Prudential Insurance Company of America on what is known as an industrial policy of insurance.

Appellant was appointed administrator of the estate of Flossie Briles, and filed his complaint in one paragraph. Appellee Insurance Company asked that appellee, John Parks, be made a party to the action for the reason that he had made a demand upon it for payment, and that it was threatened with two actions for the recovery upon the same claim. The court ordered appellee to be made a party, both in his individual and representative capacities, and ordered summons issued.

Appellee Parks filed a general denial and also a counterclaim, to which counterclaim appellant filed a general denial.

Appellee Insurance Company was permitted to pay the money due under the policy to the clerk of the court for the use and benefit of the party adjudged to be entitled thereto. Appellant, under the provisions of Acts, 1937, Ch. 185, § 1, p. 897 (§ 2-1073, Burns' 1933 (Supp), § 111-1, Baldwin's Supp. 1937), filed his motion objecting to the cross-complaint, which the court overruled.

Appellee filed a motion to require Parks, administrator, to file a bond to secure cost on the ground that appellee Parks was a nonresident. The court sustained this motion, and entered an order to the effect that

Parks, administrator, file a bond for cost on or before a day named. Appellee afterwards filed a motion asking the court to reconsider its ruling on the question of requiring him to file bond. No bond was filed. Appellant filed objections to appellee Parks proceeding with the trial until he had complied with the court's order requiring him to file cost bond. The court overruled appellant's objection, and permitted appellee Parks, as administrator, to proceed in the action without complying with the order by filing a cost bond. The trial resulted in a finding in favor of appellee Parks, as administrator, and against appellant.

Appellant filed a motion to modify the judgment, and also filed a motion for a new trial. Both of these motions were overruled by the court.

The evidence is not in the record, and no question can therefore be considered that involves questions of fact.

We find it difficult to understand the questions attempted to be presented by appellant's brief. He attempts to present the same question under different assignments of error, and leaves us in much doubt as to the application of propositions of law asserted.

If we correctly understand appellant's first contention, it is that the court committed reversible error in permitting appellee to appear and prosecute his counterclaim without first filing a cost bond.

In other words, appellant contends that the filing of cost bond was jurisdictional. We do not think this is true. Appellant, upon order of court, made appellee Parks, administrator, a party defendant, and process was served upon him. He responded to the process, and filed answer and his counterclaim. The filing of a cost bond was for the protection of the appellant, only in the event judgment was in his favor. Inasmuch as

the judgment was in favor of appellee, and the court charged appellant with the cost, he was not injured by failure of the court to require the posting of a cost bond by appellee. The court had jurisdiction of the parties, and of the subject-matter, and the fact that the court permitted appellee to proceed without filing cost bond in no way affected the jurisdiction of the court.

Appellant's second proposition is that the court erred in overruling his motion to modify and correct the judgment. This motion asked the court to change the finding and judgment so as to find in his favor, and to render judgment for appellant instead of for appellee.

It seems well settled that a motion to modify a judgment does not present any question as to what the finding ought to be, but only whether the judgment conforms to findings actually made. *Brier* v. *Childers, Admr.* (1925), 196 Ind. 520; *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141; *Wise* v. *Layman* (1926), 197 Ind. 393. In the last case cited the court said:

> "The office of a motion to modify a judgment is to so change it as to make it follow the finding and has nothing whatever to do with the finding."

There is no contention here that the judgment did not follow the findings of the court. There was no error in overruling appellant's motion to modify the judgment.

Appellant, in his motion for a new trial, again attempts to present the question that the court erred in not requiring appellee to file a cost bond. He also attempts to raise the question as to whether the trial court had jurisdiction of the subject-matter.

The jurisdiction of the Municipal Court of Marion County is defined by § 4-2502, Burns' 1933, § 1717, Baldwin's 1934, and in part provides that:

"Said Municipal Court shall have jurisdiction in the following cases: First, original jurisdiction concurrent with the superior and circuit courts in all civil cases founded on contracts or tort in which the debt or damage claimed or value of the property sought to be recovered does not exceed the sum of five hundred dollars ($500.00)."

This action was a suit upon a contract of insurance amounting to $308.56, and clearly comes within the jurisdiction of the municipal court as defined by the above provision.

Appellant says that the assets of an estate, being in the possession of the clerk of the court, will not be delivered to a foreign administrator when there is a resident administrator, qualified to receive such assets, administrating the trust, and where there are unsatisfied claims of resident citizens.

As stated above the evidence is not before us, and as far as this court knows, the evidence might have shown that there was no resident administrator qualified to receive the assets, and that there was no unsatisfied claims of resident citizens. It does appear in the complaint that the funeral bill amounted to $295.00, but we do not know what the evidence might have revealed.

We find no reversible error.

Judgment affirmed.

NOTE: Reported in 25 N. E. (2d) 240.