ELLIOTT ET AL. *v*. GARDNER.

[No. 16,895. Filed February 20, 1943.]

48

*Herrod Carr* and *David A. Myers*, both of Greensburg, for appellants.

*Thomas E. Davidson,* of Greensburg, and *Frank Wolfe,* of Shelbyville, for appellee.

FLANAGAN, P. J.—This was an action to quiet title to certain real estate located in Decatur County, brought by appellee, Mary E. Gardner, against appellants, Eldridge Elliott and Pearl Elliott. To appellee's complaint appellants filed an answer of general denial. Trial was to the court which found generally for appellee, that she was entitled to have her title quieted to the involved real estate, subject to any right-of-way the defendants may have across the land, and ordered judgment accordingly.

Appellants filed their motion for a new trial and asked the court to amend its finding and judgment under Rule 1-8 of the rules of the Supreme Court. The court did amend its finding and judgment by adding to the finding that, "the defendants have the right to remove from said real estate within 90 days from this date, any building or buildings he may have erected thereon." The court also amended its judgment by adding the following: "And it is further considered and adjudged by the court that the defendant, Eldridge Elliott, be and he is hereby given the right to remove from said real estate, within 90 days from this date, any buildings he may have erected thereon." It then overruled appellants' motion for a new trial.

Appellee then moved to modify the judgment by striking from it the above quoted words which the court had added. The motion was sustained and this appeal followed.

Appellee seeks to have the appeal dismissed for the assigned reasons that, (1) appellants' original briefs were not filed in time; and (2) the record does not show a final judgment in the court below.

In support of its first assigned reason appellee says that appellants brought their briefs to the state capitol

building at about nine o'clock p. m. on the last day for filing at a time when neither the clerk of this court nor any of his deputies were present; that they gave the briefs to the night watchman. who immediately put them in the office of the clerk.

This is in compliance with Rule 2-15 of the Rules of our Supreme Court. The last day given appellants for filing their briefs did not expire until midnight. Before that time they had the briefs in the proper place.

As to appellee's second assigned reason for dismissal she says that her motion to modify the judgment by striking out a certain part of it was sustained but that the trial court did not follow its ruling by entering a new judgment with the stricken part omitted. Appellee says that this in effect left no judgment standing. We cannot agree with such contention. When appellee's motion was sustained the effect was to strike out the words requested to be stricken out and to leave the rest standing as the final judgment of the court.

Errors assigned by appellants are: (1) Overruling of their motion for a new trial based upon insufficiency of the evidence; and (2) sustaining of appellee's motion to modify the judgment.

Appellants fail to point out wherein the evidence is insufficient and their first assigned error must therefore be deemed waived.

Under the second assigned error appellants say that the trial court only corrected its former error because it was without right to amend its finding and judgment under Rule 1-8 of the Rules of the Supreme Court for the reason that the finding was general and there was no special finding of facts and conclusions of law. Rule 1-8 reads as follows:

*"Power of Court in Cases Tried Without a Jury.* On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and direct the entry of a new judgment."

The obvious reason for this rule is to permit the trial court to correct errors in its finding and judgment without the necessity of having a new trial. We see nothing in the objective or in the wording of the rule to keep it from applying when the finding is general. We think the trial court was authorized under Rule 1-8 to make the correction which it did make. See Gavit Indiana Pleading and Practice, p. 167.

Could it then properly strike out the added words upon appellee's motion to modify? We think not. The question presented by a motion to modify a judgment is whether the judgment conforms to the finding. *Briles, Admr.* v. *Prudential Ins. Co.* (1940), 216 Ind. 627, 25 N. E. (2d) 240; *Wise* v. *Layman* (1926), 197 Ind. 393, 150 N. E. 368. In the instant case the judgment did conform to the finding before the motion to modify was sustained. After the motion was sustained there remained a finding that appellants were entitled to remove certain buildings from the involved real estate but no judgment to conform with such finding.

Judgment reversed with instructions to overrule appellee's motion to modify the judgment.

Royse, J., not participating.

Note.—Reported in 46 N. E. (2d) 702.