JAMES C. CURTIS & COMPANY *v.* BLUME ET AL.

[No. 17,197.   Filed March 14, 1944.   Rehearing denied
April 21, 1944.   Transfer denied May 23, 1944.]

F. C. *Crumpacker*, *Owen W. Crumpacker* and *F. C.*
*Crumpacker*, *Jr.*, all of Hammond, for appellant.

L. L. *Bomberger* and *R. M. Royce*, both of Hammond,
for appellees.

ROYSE, P. J.—This is an action by appellant to set
aside an order of final settlement in the estate of Nich-
olas Emmerling, deceased. The cause was submitted
to the court without the intervention of a jury on appel-
lant's amended complaint in one paragraph, appellees'
answer in four paragraphs, and appellant's reply in
four paragraphs. Inasmuch as the facts hereinafter
set out show the respective contentions of the parties,
we do not deem it necessary to set out the pleadings.
The trial court found for appellees and judgment was
rendered accordingly. Appellant's motion for a new
trial was overruled, which action of the trial court is
the only error assigned here. The specifications in the

motion for a new trial which are presented here are: (1) The court's decision is not sustained by sufficient evidence; (2) the court's decision is contrary to law.

The record discloses the following facts: Appellant was for many years engaged in the sale of undertaking supplies. The decedent, Nicholas Emmerling, a resident of Lake County, was, prior to his death, engaged in the undertaking business. On or about March 16, 1932, decedent and one Rose Weis Emmerling executed a certain promissory note in the sum of $3,250, payable to the order of appellant one year after date and bearing interest at the rate of six per cent per annum. The decedent died testate in January, 1933. His will was probated in the Lake Superior Court on March 22, 1933. Letters of administration with the will annexed were issued to his wife, Ola M. Emmerling, who has since remarried and is now the appellee Ola Emmerling Blume. On July 26, 1933, appellant filed the note as a claim against the estate of Nicholas Emmerling. The claim was disallowed by the administratrix and transferred to the trial docket of the Lake Superior Court as cause No. 42283. This claim was called for trial on January 17, 1934. At this time appellant was not represented by an attorney and it was not notified the claim had been set for trial. On said date appellant was defaulted and the court, after hearing evidence, found against appellant on its claim and entered judgment accordingly. Thereafter, on the 28th day of February, 1934, the administratrix filed her final report. Notice of final settlement was published as provided by law, and the final report and order of final settlement approved on the 2nd day of April, 1934.

On October 4, 1934, appellant brought an action in the Lake Superior Court to set aside the final settlement of April 2, 1934. The appellees herein were named

defendants in that action and filed their answer in three paragraphs to said complaint. The cause was tried on February 13, 1936. The court ordered the estate reopened and reinstated the claim of appellant. The appellees herein appealed this judgment to this court, and on January 19, 1937, this court dismissed the appeal for the reason that the order setting aside the final settlement for the purpose of prosecuting the claim was not a final judgment. *Emmerling, etc.*, v. *James C. Curtis & Co.* (1937), 103 Ind. App. 139, 5 N. E. (2d) 677. Subsequently there were proceedings in reference to the judgment of January 17, 1934, which we do not deem necessary to detail herein.

On March 17, 1937, appellee administratrix filed what she termed her second final report in said estate. In this report she set out that since said estate was reopened by order of February 13, 1936, no claim had been filed by the appellant herein, that more than one year had elapsed since said estate was reopened and it should be closed. The report further avers the order reopening the estate did not attempt or pretend to set aside the judgment of January 17, 1934, and that the court had no power or authority to set aside or disturb said judgment. The report concludes with a prayer that such report be received and approved as a final report. It does not refer to the original or first final report. On April 13, 1937, appellee administratrix filed in said court an affidavit and motion for a change of judge, for the reason that she could not have a fair and impartial hearing before said judge on her second final report. There were no exceptions or objections filed to this second final report. On October 6, 1938, this motion was granted, and the Honorable Maurice E. Crites qualified as special judge. On November 15,

1938, this second final report was approved by said special judge.

On March 31, 1939, said Cause No. 42283 was, on appellant's motion, venued to Jasper County. On May 5, 1939, the administratrix, etc., obtained permission from the Jasper Circuit Court to intervene and file objections to that court proceeding further in said cause because it was alleged said Jasper Circuit Court had no jurisdiction therein. The Jasper Circuit Court found the estate of Nicholas Emmerling, deceased, by the judgment of the Lake Superior Court, had been closed and the administratrix discharged while appellant's claim was pending as a civil action in said Lake Superior Court, and that said Jasper Circuit Court was without jurisdiction to order payment of the claim sued on, and entered judgment accordingly.

There was a stipulation between the parties which was in part as follows: "The parties then stipulated in open court that at the time the order of November 15th, 1938, was entered and the estate closed, no bond conditioned for the payment of the claim and costs of the judgment or any part of the claim was filed as authorized by Sec. 6-1420 of Burns. The parties stipulated further that the report was filed on the theory that there was no pending claim that did not comply with the statute. They stipulated further that no exceptions or objections were ever filed to the Final Report filed by the administratrix in Estate No. 5407 on March 17, 1937, and that on November 15, 1938, when Judge Crites entered an order closing the estate, the plaintiff did not appear in court in person or by counsel. It was also stipulated that no one appeared in person or by written objections on November 15, 1938, in opposition to the second closing of the estate, or at any time prior thereto. The parties stipulated further that the

plaintiff was not summoned or notified to appear in the Lake Superior Court on November 15, 1938, that neither it nor its counsel received any notice of the filing of the final report on March 17, 1937, other than the publication of the notice in the manner provided for by law, and the mailing of a copy of the final report to the plaintiff on March 17, 1937, and received by plaintiff's counsel."

At the trial of this cause some evidence was admitted as to the validity and the ownership of the note in question.

Appellant under its points and authorities asserts both grounds of the motion for a new trial raise the same question of law and fact, and therefore are discussed together.

Appellant contends the settlement of the estate by virtue of the court order of November 15, 1938, was illegal and fraudulent because: (a) Any person interested in an estate not appearing at the final settlement and not personally summoned to attend same may, on petition showing illegality, fraud or mistake, have such settlement set aside and the estate reopened; (b) the settlement of an estate while a claim is pending and undisposed of is cause for setting aside the settlement; (c) that this court, in dismissing the appeal in January, 1937, in the case of *Emmerling, etc.,* v. *James C. Curtis & Co., supra,* decided there was a claim pending against the estate; that before this decision could be certified back to the trial court appellee administratrix filed the purported final report in which, under oath, she stated there were no claims pending; (d) the evidence shows conclusively the administratrix fraudulently procured the closing of the estate by her false statement under oath; (e) that under the probate code a change of venue is limited to proceedings in which there are

adverse parties, an issue, and evidence to be heard; (f) a hearing on an administrator's final report is not a civil action unless exceptions have been filed to such report. Exceptions are necessary to provide adverse parties. None of these requisites were present when the administratrix, *ex parte*, obtained a change of venue from the judge. Therefore, the order of the special judge approving the final report was illegal; (g) a final report in an estate is an account of receipts and disbursements. The so-called report approved November 15, 1938, is not an account and recites no facts relating to the administration of the estate.

Appellees contend: *First.* That under the issues and the evidence, the court, having made a general finding is presumed to have made it on the evidence that tended to show that the appellant here is not the owner of the note, both by reason of the testimony to that effect and the evidence showing alteration after delivery.

*Second.* That the judgment of the Lake Superior Court entered on January 17, 1934, at a trial in which the court heard the evidence on this claim and found against the claimant, was a binding judgment in a civil action and has never been set aside in any manner known to the law.

*Third.* Because of the judgment of January 17, 1934, there never has been, subsequent to that date, a pending claim by the plaintiff-appellant against the estate of Nicholas Emmerling, deceased.

The pertinent provisions of the statute under which this action was commenced (§ 6-1424, Burns' 1933) are as follows:

"When final settlement of an estate shall have been made, and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally

summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate reopened, by filing in the court in which the settlement was made, within three (3) years from the date of such settlement, his petition, particularly setting forth the illegality, fraud or mistake in such settlement, or in the prior proceedings in the administration of the estate, affecting him adversely. The executor or administrator of the estate, and any of the creditors, heirs, devisees or legatees of the decedent adversely interested in the matters alleged in such petition shall be made defendants thereto, and shall be entitled to such notice of the pendency thereof, as is required to be given under the Code of Civil Procedure to defendants in ordinary actions."

This court has held this provision is analogous to the provisions of § 2-1068, Burns' 1933 relating to relief from default judgments. *Emmerling, etc.,* v. *James C. Curtis & Co., supra.* We are of the opinion that the construction of § 2-1068, *supra,* adopted by this court applies generally to the provisions of § 6-1424, *supra.*

The statute here under consideration is remedial and should be liberally construed to the end that no undue advantage may be obtained by a party by reason of illegality, fraud or mistake. *Indiana Travelers' Accident Association* v. *Doherty* (1919), 70 Ind. App. 214, 217, 123 N. E. 242. It is the policy of the law that controversies between litigants shall be determined on the merits, if that can be done in fairness to all concerned. Where there is doubt as to the sufficiency of the facts to show such illegality, fraud or mistake as will entitle a party to have a final settlement of a decedent's estate set aside, the trial court should resolve the doubt in favor of the applicant. *First National Bank of Winslow* v. *Stilwell* (1912), 50 Ind. App. 226,

98 N. E. 151; *Ayrshire Coal Company* v. *Thurman* (1920), 73 Ind. App. 578, 127 N. E. 810, 128 N. E. 764; *Gary Hobart Investment Realty Company* v. *Earle et al.* (1922), 78 Ind. App. 412, 135 N. E. 798.

The judgment of the Lake Superior Court of February 13, 1936, reopened the decedent's estate and appellant's claim was reinstated as a claim pending against said estate. We cannot agree with appellee's contention that the judgment of the Lake Superior Court on January 17, 1934, was a binding judgment in a civil action which could not be set aside in the proceedings to reopen decedent's estate. While it is true that § 6-1016, Burns' 1933 provides that the trial of contested claims shall be as in ordinary civil actions, we do not construe this provision to mean that the provisions of the Probate Code shall be completely ignored. Both the Supreme Court and this court have held that all of the rules applicable in civil procedure do not apply to claims against decedents' estates. *Estate of Stanley* v. *Pence* (1903), 160 Ind. 636, 66 N. E. 51, 67 N. E. 441; *Caldwell, Executor,* v. *Ulsh* (1916), 184 Ind. 725, 112 N. E. 518; *People's Bank and Trust Company, Executor,* v. *Mills* (1922), 193 Ind. 131, 139 N. E. 145; *Woods, Executor,* v. *Matlock* (1898), 19 Ind. App. 364, 48 N. E. 384; *Henes, Administrator,* v. *Henes* (1892), 5 Ind. App. 100, 31 N. E. 832; *Hanna, Administrator,* v. *Dunham* (1894), 10 Ind. App. 611, 38 N. E. 343.

The court having jurisdiction of the administration of a decedent's estate has complete control of such estate and is necessarily the only court which could determine whether or not an estate shall be reopened under the provisions of § 6-1424, *supra.* Therefore, when, as in the instant case, such court determines that there has been illegality, fraud

or mistake in the dismissal of a claim against an estate, the effect of such determination is to reinstate the claim on the trial docket of the court having jurisdiction of such claim.

The fact that a claim is pending against an estate, which claim is undisposed of at the time of final settlement, constitutes such illegality as will, on the petition of claimant filed within time, result in setting aside such final settlement under § 6-1424, *supra*. *Heaton* v. *Knowlton et al., Executors* (1879), 65 Ind. 255; *Dillman* v. *Barber et al.* (1887), 114 Ind. 403, 16 N. E. 825; *Graham* v. *Russell, Auditor* (1899), 152 Ind. 186, 52 N. E. 806.

This action was to set aside the second final settlement. In such an action the trial court was without authority to consider appellant's claim on its merits.

We are of the opinion that the judgment of the Lake Superior Court was erroneous. In view of the conclusion we have reached, we do not deem it necessary to pass on the question of whether or not a change of venue may be taken from the judge on a hearing of a final report where no exceptions or objections to such report have been filed. Nor do we deem it necessary to pass on the sufficiency of the second final report.

The judgment of the Lake Superior Court, Room No. 1, is reversed, and said court is directed to order the final settlement herein set aside and to reinstate appellant's claim.

NOTE.—Reported in 53 N. E. (2d) 549.

## ON PETITION FOR A REHEARING.

ROYSE, P. J.—Appellees, in their petition for rehearing, contend that our opinion holding that when the

court having jurisdiction of actions under § 6-1424, Burns' 1933, determines that through illegality, fraud or mistake a claim has been dismissed the judgment of such court ordering the estate reopened reinstates the claim, contravenes the ruling of the Supreme Court in the case of *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. (2d) 971. We are unable to see where the question decided in that case has any application to the question presented in this appeal. The Supreme Court held in that case that upon proper request it was the duty of the trial court to grant a change of judge on the pending claim of an attorney for services rendered to a guardianship.

Appellees further contend that our mandate requires the Lake Superior Court to open the judgment of the Jasper Circuit Court on the claim involved in this action. The purpose of the appellant's action in this case is to obtain a trial of its claim against decedent's estate. Obviously there can be no trial of the claim if the estate is closed. After the claim had been venued to the Jasper Circuit Court, as pointed out in the original opinion, appellee Blume sought and received permission of that court to question its jurisdiction over the trial of the claim, and did so by filing a certified copy of the order of the Lake Superior Court approving the second final report and discharging the administratrix of said estate. Thereupon, the Jasper Circuit Court properly held that it had no jurisdiction to try the claim against the estate. The Jasper Circuit Court found that the estate had been closed while the appellant's claim was pending as a civil cause in the Lake Superior Court. It had no authority to set aside the final settlement approved by the Lake Superior Court. Therefore, the only manner in which appellant could protect its rights was to have

the final settlement set aside pursuant to the provisions of § 6-1424, *supra.*

The law seeks to avoid a multiplicity of actions over the same subject-matter and between the same parties. As heretofore pointed out, the only purpose of this action is to give the appellant its right to a trial of its claim on the merits. The trial court should have set aside the final settlement, which would have vested the Jasper Circuit Court with jurisdiction to try the claim on its merits. This would not have been an overruling of the judgment of the Jasper Circuit Court, but merely the correction of its own illegal action which prevented the Jasper Circuit Court from determining the claim on its merits.

Upon a reconsideration of our mandate we have determined to modify it as follows: The judgment of the Lake Superior Court, Room No. 1, is reversed and said court is ordered and directed to set aside the final settlement of decedent's estate. The clerk of this court is also directed to certify a copy of this opinion to the Jasper Circuit Court, which shall be its authority for reinstating this claim insofar as it affects the appellee Ola Emmerling Blume, administratrix with the will annexed of the estate of Nicholas Emmerling, deceased.

Appellees further complain of our statement in the original opinion that "in such an action the trial court was without authority to consider appellant's claim on its merits." This statement should be amplified. What was intended was that in actions to set aside a final settlement because of illegality, fraud or mistake in the dismissal of a claim, the trial court has no authority to examine the merits of the claim except in so far as they show that the party seeking to set aside such final settlement has an interest in

the estate. *Nord* v. *Marty* (1877), 56 Ind. 531; *Haas* v. *Schrum* (1920), 72 Ind. App. 381, 124 N. E. 761.

The facts in the case of *Manor* v. *Manor et al.* (1944), 222 Ind. ___, 53 N. E. (2d) 343, and those in the instant case are clearly distinguishable. In that case the appellant, to prove his interest in the estate, had to introduce in evidence the final report and this report showed that even though there was an illegality the apppellant was not injured thereby, whereas in the instant case a note signed by the decedent with another, payable to the appellant, is in evidence. This is a *prima facie* showing of an interest. The question of whether or not the note was altered after delivery, or any other defenses, are questions that could only be properly determined on a trial of the claim on its merits.

Upon a thorough reconsideration of the questions involved in this case, we find no reason to change our original opinion except as herein set out.

The petition for rehearing is denied.

NOTE.—Reported in 54 N. E. (2d) 286.