CITY OF SOUTH BEND *v.* WHITCOMB & KELLER, INC., ET AL.

[No. 28,119. Filed January 23, 1946. Rehearing denied February 13, 1946.]

*Farabaugh & Pettingill, Chapleau & Roper,* and *Nathan Levy,* all of South Bend, for appellant.

*Seebirt, Oare & Deahl,* and *William E. Miller,* all of South Bend, for appellees.

STARR, J.—Appellees began this action as an appeal from the awards of assessments of benefits and damages made by the Board of Public Works and Safety of the City of South Bend, in the condemnation of certain lands. Said board began said proceedings under and pursuant to § 48-4501 et seq., Burns' 1933, and appellees' complaint was filed under and pursuant to § 48-2401, Burns' 1933. From the judgment of the court in this cause awarding damages to the appellees, this appeal is taken.

Appellees have filed a motion to dismiss this appeal on the following grounds: first, that the cause is not one in which an appeal lies to this court; and, second, that the brief filed by the appellant raised no question for the decision of this court.

Appellees in support of their first ground for dismissal rely upon § 48-4504, Burns' 1933, which pro-

vides, "The order and judgment of such court shall be final and conclusive upon all parties, and no appeal shall lie therefrom except upon questions affecting solely the jurisdiction of the court." The General Assembly was without power to take from this court its constitutional appellate jurisdiction. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399; *Joseph E. Seagram & Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. (2d) 491; *Montgomery* v. *State* (1944), 115 Ind. App. 189, 57 N. E. (2d) 943.

By leave of this court, the appellant by amendment, has cured the defects in its brief complained of by appellee. Said motion to dismiss is therefore overruled, and we will now proceed to consider this case on its merits.

Appellant has three separate assignments of error, the first two of which have been waived for the reason that in appellants' Propositions, Points and Authorities, neither of said assignments is supported by separately numbered propositions concisely stating the basis of the objections to the ruling complained of; nor is there any attempt to set forth separately numbered or lettered points or statements of rules of law with citations of authorities in support thereof; all as required by Rule 2-17(f).

Appellants' third and final assignment of error is the overruling of its motion for a new trial, which motion contains seven different causes.

The first cause relied upon in said motion is that the decision of the court is not sustained by sufficient evidence; the second is that the findings of the court numbered 3, 4, 6, 7 and 9, are each not sustained by sufficient evidence. In our opinion the second cause is not grounds for a new trial as the finding

herein was a general finding, although said finding did set out the specific parcels of property condemned, damaged and benefited, and the specific value of the property condemned, and the specific amounts of the benefits and damages as is contemplated by § 48-4504, Burns' 1933.

Appellant to support the first ground for a new trial contends that there was no evidence produced by appellees as to the value of the land taken or as to the damages or benefits to the residue. Four witnesses testified on behalf of appellees on all these matters. Each of these witnesses qualified as an expert and testified he was acquainted with all the lands in question and gave his opinion as to the amount of benefits and damages sustained and the value of the land taken. All this testimony was entirely proper and was a correct use of opinion evidence. *State* v. *Reid* (1933), 204 Ind. 631, 185 N. E. 449.

Under its Propositions, Points and Authorities appellant next grouped its third, fourth and fifth grounds for a new trial. The third being that "The decision of the Court is contrary to law." The fourth, that "The court erred in its decision in failing and omitting to set off amounts of benefits to remaining lands against value of property taken, thereby omitting to follow and apply the measure and rule of damages and benefits as provided for by the cities and towns act under which the above action was prosecuted, and in applying the measure and test of benefits and damages as provided for in the general Eminent Domain statute under which the above action was not prosecuted; all of which is contrary to law." And the fifth, that "The Court erred in the assessment of the amount of the recovery in that the amount is too large."

Appellant sets out one proposition in Propositions,

Points and Authorities to support these three grounds for a new trial. This proposition reads as follows:

"The trial court should have set off the benefits to remaining lands against the value of the land taken, thereby following and applying the law under which the proceedings by the Board of Public Works for the opening and improving of Chippewa Avenue and Fellows Street was prosecuted, and under which appellees prosecuted their so-called appeal, namely, Section 48-2001 et seq., and Sections 48-4501 et seq., Burns' Ind. Stat. 1933. Instead, the trial court applied and followed the provisions of the general Eminent Domain law, sections 3-1702 et seq. Burns', Ind. Stat. 1933, Pocket Supplement, refusing to set off benefits to remaining lands against the value of the land found to have been taken for the streets. This was contrary to law."

As heretofore pointed out, the finding of the court set out specifically the amount of the award of damages and benefits to each specific parcel of property involved in this action, as well as the value of the property appropriated, and upon this finding the judgment complained of is rendered. Clearly, if the appellant was injured by this judgment, its remedy was by motion to modify the same and not by a motion for new trial. "The question presented by a motion to modify a judgment is whether the judgment conforms to the finding." *Elliott* v. *Gardner* (1943), 113 Ind. App. 47, 46 N. E. (2d) 702. "If any part of a judgment is valid under the issues, the judgment will not be reversed on appeal, although relief is given or refused thereby that would have been erroneous if the proper motion had been made in the court below." Watson's Works Practice (1921) § 2179.

The sixth and seventh grounds for a new trial present the same question, namely, that the court erred in refusing to permit two witnesses of the appellant to testify

as to the fair market value of appellees' land immediately after the appropriation of a portion thereof, to-wit: December 6, 1943, taking into consideration not only the appropriation of a part of the same, but also the sidewalk and pavement improvements placed upon the portion appropriated. These questions were repeated to each witness fixing different dates after the appropriation for the fixing of the value of the property, to each of which the court made the same ruling.

Appellees complain that the appellant in presenting this objection has not fully complied with Rule 2-17 (e). We are disposed to find that there has been a good faith effort on its part to comply with said rule, and we have had no trouble in understanding the question presented.

Appellant under these two grounds has set forth only one proposition, which in substance is that the statute under which said board of public works and safety proceeded to appropriate this real estate, contemplates and intends that in assessing the damages and benefits the board or trial court will take into consideration the sidewalks and pavement improvements made thereon.

For the purpose of this opinion we concede, but do not decide, that under certain circumstances, improvements made on a right of way condemned for a street, as in this case, may be considered in such appropriation as special and not general benefits, and can be taken into consideration in awarding benefits and damages for the property taken. But see *State* v. *Brubeck* (1930), 204 Ind. 1, 170 N. E. 81; *City of Huntington* v. *Sonken* (1929), 89 Ind. App. 645, 165 N. E. 449. As to what are special benefits and what are general benefits see *Lipes* v. *Hand* (1885), 104 Ind. 503, 1 N. E. 871, 4 N. E. 160.

In its resolution of condemnation of December 6,

1943, said board set out that the purpose of said appropriation was for the opening and paving of certain ▮ streets therein described. The only evidence as to any improvements having been made on the ground appropriated, is that of one of appellant's witnesses who testified that the board of public works and safety of appellant did make improvements on this right of way, and completed the same in the latter part of June of 1944; and that the improvement consisted of an asphalt surface pavement on a cement base with sidewalks and curb along a portion of it; and that the improvement was begun in the spring of 1944 as soon as the weather permitted. The fact that appellant condemned this property did not compel or bind it to improve the same. The record contains no proof of official action by the appellant having been taken on or before December 6, 1943, the date when this property was condemned, and when all damages and benefits accrued, which compelled or bound the appellant to improve the same in any manner. To have allowed the consideration of the construction of any improvements which appellant was not bound or compelled to make to be considered in fixing the benefits or damages, would have brought into these proceedings highly speculative and imaginary elements. The court therefore, did not err in rejecting such offered proof. *Matter of City of New York (Exterior St.)* (1941), 285 N. Y. 455, 35 N. E. (2d) 39.

Judgment Affirmed.

Note.—Reported in 64 N. E. (2d) 580.