BLUME, ADMX. *v.* FIRST NAT. BANK OF CHICAGO, ILL., ET AL.

[No. 17,727. Filed April 5, 1948. Rehearing denied April 29, 1948. Transfer denied November 17, 1948.]

534

*Bomberger, Morthland, and Royce,* all of Hammond, and *Reed & Reed,* both of Knox, attorneys for appellant.

*Frederick C. Crumpacker, Oscar B. Smith,* both of Knox, and *Owen W. Crumpacker,* of Hammond, attorneys for appellees.

ROYSE, J.—This litigation commenced on July 26, 1933. The facts out of which it arose may be summarized as follows:

For many years prior to March 16, 1932, Nicholas Emmerling conducted an undertaking business in Hammond, Indiana. During such time and subsequent thereto James C. Curtis & Company, an Illinois corporation, was engaged in the manufacture of caskets and undertaking equipment and supplies. Nicholas Emmerling was for many years a customer of the Curtis Company. He had a brother, Joseph Emmerling, who died on August 6, 1931. At the time of his death Joseph Emmerling was indebted in the sum of $3250. Nicholas Emmerling was surety on this indebtedness of his brother. Rose Weis Emmerling, the widow of

Joseph Emmerling, did not have the cash to pay the indebtedness and asked Nicholas Emmerling to assist her in obtaining a loan to take care of it. Nicholas Emmerling negotiated a loan of $3250 from the Curtis Company for his brother's widow. This was evidenced by the following note:

"$3250                    Hammond, Ind., March 6, 1932.

"Two Years after date I promise to pay in gold coin, to the order of the James C. Curtis & Co. at the office of the First Trust & Savings Bank, Hammond, Ind., . . . Thirty Two Hundred & Fifty . . . no/100 Dollars. For Value Received, with interest at the rate of 6 per cent per annum from date, payable semi-annually with reasonable attorneys' fees without relief from valuation and appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest, and non-payment of this note. In default of payment of interest when due, the whole amount of this note shall thereupon be due and payable.

P. O. Address _____.

MRS. ROSE WEIS EMMERLING   (Signed)
NICHOLAS EMMERLING   (Signed)."

Nicholas Emmerling died testate January 23, 1933. His will was probated in the Lake Superior Court on March 22, 1933. Letters of administration with the will annexed were issued to his wife, Ola M. Emmerling, who subsequently re-married and is the appellant herein. Hereinafter she will be referred to as the administratrix and the appellee will be designated as the claimant. On July 26, 1933, James C. Curtis filed the above-mentioned note as a claim against said estate. The administratrix disallowed the claim and it was transferred to the trial docket of the Lake Superior Court. This claim was originally called for trial on January 17, 1934. At that time the claimant

was not represented by an attorney and was not notified the claim had been set for trial. On said last mentioned date claimant was defaulted and the trial court, after hearing evidence, entered judgment against it on its claim. Thereafter, the administratrix, on the 28th of February, 1934, filed her final report in said estate. Notice of final settlement was published as provided by law and the final report and order of final settlement approved April 2, 1934.

On October 4, 1934, claimant brought its action to set aside the final settlement of April 2, 1934. After a trial on that action the trial court ordered the estate re-opened for the purpose of permitting claimant to prosecute its claim against the estate. An appeal from that order was taken to this court. In *Emmerling, etc.,* v. *James C. Curtis & Co.* (1937), 103 Ind. App. 139, 5 N. E. 2d 677, we dismissed the appeal on the grounds that such an order was not a final judgment from which an appeal could be taken.

On March 17, 1937, prior to the time that our opinion in *Emmerling, etc.,* v. *James C. Curtis & Co., supra,* could be certified back to the Lake Superior Court, the administratrix filed what she termed a second final report in said estate. Among other averments in this report she said, since said estate was re-opened by the order of February 13, 1936, no claim had been filed by the claimant; that more than one year had elapsed since said estate had been re-opened and it should be closed. No exceptions or objections were filed to this report. On April 13, 1937, administratrix filed a motion for change of judge on the grounds she could not have a fair and impartial hearing on her final report before the regular judge of said court. Subsequently, the Honorable Maurice E. Crites qualified as special judge in said matter. This final report

was, on November 15, 1938, approved by said judge. Claimant was not notified or summoned to appear for the final hearing in said estate. No bond conditioned for the payment of said claim, etc., was filed before the final report was approved. In March, 1939, on motion of the claimant its claim was venued to the Jasper Circuit Court. In that court, on motion of the administratrix, the claim was dismissed, the court finding it did not have jurisdiction to hear the claim because of the judgment of the Lake Superior Court closing the estate. Claimant appealed this action of the Jasper Circuit Court to this court and after this court withdrew an opinion dismissing the appeal it was transferred to the Supreme Court because four judges of this court could not agree. The Supreme Court dismissed the appeal because the appellant failed to serve a copy of its brief on appellee. *James C. Curtis & Company* v. *Emmerling et al.* (1941), 218 Ind. 172, 31 N. E. 2d 57. Thereafter, the claimant brought an action to set aside this second final settlement. From an adverse judgment claimant appealed to this court. In that appeal we reversed the Lake Superior Court and ordered it to re-open the estate and further directed the clerk of this court to certify a copy of our opinion to the Jasper Circuit Court which would be its authority to reinstate said claim. *James C. Curtis & Company* v. *Blume et al.* (1944), 114 Ind. App. 675, 53 N. E. 2d 549, 54 N. E. 2d 286. (Transfer denied.)

Pursuant to the mandate of this court, the claimant petitioned the Jasper Circuit Court to reinstate its claim. The administratrix appeared specially and filed what she termed written objections to the reinstatement of said claim in which it was asserted the order we had made was beyond our

jurisdiction and outside of our power. The Jasper Circuit Court properly overruled said objections because, right or wrong, it was the law of this case on that question. Whereupon the administratrix filed her motion to require claimant to file a cost bond. On the day the cost bond was filed administratrix filed her motion for change of venue from the county. The venue was changed to Starke County. Then in February, 1947, nearly fourteen years after the claim was filed, the cause was brought to trial in the Starke Circuit Court. Upon proper request the trial court made special findings of fact and stated its conclusions of law thereon.

The findings of fact necessary to a determination of the questions here presented may be summarized as follows: Claimant made the loan evidenced by the promissory note hereinbefore set out. There is due in principal and interest on said note the sum of $5,971.88. Rose Weis Emmerling received the principal of the note and used it to discharge personal debts. She paid $195 interest for one year on said note to James C. Curtis and obtained a receipt for said sum from Lewis Schwartz who signed the receipt for said Curtis individually. Claimant has been required to employ attorneys and the reasonable value of their services is $2250. The court found James C. Curtis, on July 26, 1933, filed a claim to which the above note was attached, with affidavit of said Curtis that he was the owner of said note. That on June 23, 1939, judgment was rendered against Rose Weis Emmerling on this note for $4,468.75 and $425 attorneys' fees. Before this judgment Rose Weis Emmerling had sold real estate which she owned for $6,000. Upon these facts the trial court stated the following conclusions of law:

"One. The law is with the plaintiff in this case and it is entitled to recover from the defendant, the Estate of Nicholas Emmerling, the sum of Five Thousand Nine Hundred Seventy-One and 88/100 ($5,971.88) Dollars and Two Thousand Two Hundred Fifty and no/100 ($2,250.00) Dollars, attorneys fees.

"Two. That the plaintiff recover its costs in this action."

Judgment accordingly.

Appellant first contends the findings of fact are not sustained by sufficient evidence and are contrary to law. Appellee earnestly contends appellant has presented no question on the sufficiency of the evidence because she has not set out fully and accurately the evidence as required by Rule 2-17 (e) of the Rules of the Supreme Court. Technically, there is probably some merit to this contention of appellee. However, with the additional evidence furnished by appellee we are able to determine the questions presented from the briefs, and hold appellant has at least made a good-faith effort to comply with the rules.

The record discloses that James C. Curtis owned all of the stock of the James C. Curtis & Company, an Illinois corporation. The loan was made from the funds of the corporation. Subsequently, in 1940, the corporation started liquidation proceedings. Claimant herein succeeded to the rights of the corporation and was executor under the will of James C. Curtis. A bookkeeper for the corporation testified the note involved herein was part of the assets of the corporation. Lewis Schwartz, referred to in the findings, was an employee of the corporation. A handwriting expert testified the words "& Co." were written with different pen and ink and by a different person than the person who wrote the body

of the note. Also, that some one other than the signors of the note wrote those words. He could not tell whether the words were written before or after the note was executed. A bookkeeper for the corporation said when the note was recorded and the money advanced it must have been in the same condition as it is now. He didn't know if these words were in his handwriting. It might have been Mr. Curtis had called his attention to it and had it done. Rose Weis Emmerling could not remember if these words were on the note when she signed it.

Administratrix contends this evidence does not prove claimant was the owner of the note or that it was executed to James C. Curtis & Co. We think there is ample evidence to sustain the trial court's finding on this question.

Administratrix next contends the court erred in failing to find on a material issue established by the evidence, namely, the alteration of the note. A failure to find on a material fact is a finding against the parties having the burden of proof with regard to that fact. In the present case the defendant failed to prove the purported defense of material alteration and, necessarily, there is no finding to that effect. *I. Duffey & Son Company* v. *Buroker* (1937), 103 Ind. App. 397, 8 N. E. 2d 111. On the record before us we cannot say it leads solely to the conclusion the note was materially altered after its execution.

We cannot agree with administratrix that the findings of fact are so inconsistent and contradictory as to amount to no finding at all upon the ultimate issues. In view of the prolonged litigation involved in getting a final determination

542

of the question herein, the fees allowed claimant's attorneys are not excessive or unreasonable.

Administratrix' decedent was a co-maker on the note herein. The judgment herein conforms to the findings and therefore the trial court did not err in overruling the motion to modify the judgment. *Elliott et al.* v. *Gardner* (1943), 113 Ind. App. 47, 51, 46 N. E. 2d 702; *Briles, Administrator* v. *Prudential Insurance Co. et al.* (1940), 216 Ind. 627, 25 N. E. 2d 240; *Wise* v. *Layman et al.* (1926), 197 Ind. 393, 150 N. E. 368.

Finally, we do not believe the ends of justice will be served by granting appellee's request for a ten percent penalty in this case.

Judgment affirmed.

Crumpacker, J.—Not participating.

NOTE.—Reported in 78 N. E. 2d 459.