304 N.E.2d 533 (1973)
Zarko SEKEREZ, Plaintiff-Appellant,
v.
BOARD OF SANITARY COMMISSIONERS OF THE SANITARY DISTRICT OF THE CITY OF GARY ET AL., Defendants-Appellees.
No. 1073S214.
Supreme Court of Indiana.
December 18, 1973.
Zarko Sekerez, pro se.
Jackie L. Shropshire, Gary, for appellee Board of Sanitary Commissioners of the Sanitary District of the City of Gary.
Kenneth D. Reed, Hammond, for appellee Dedelow, Inc.
Charles E. Daugherty, Merrillville, for appellee Gariup Const. Co.
F. Laurence Anderson, Gary, for appellee Bongi Cartage, Inc.
William J. O'Connor, Hammond, for appellee Vic Kirsch Const. Co.
Richard W. Johnson, Hammond, for appellee Brant Const. Co.
ARTERBURN, Chief Justice.
This is an appeal from an interlocutory order in which the Plaintiff-Appellant sought injunctive relief in what is commonly known as a "Public Lawsuit", IC 1971, XX-X-XX-X, [Burns' Ind. Stat. Ann. § 3-3305 (1972 Supp.)]. It is more specifically an appeal from an interlocutory order that required the plaintiff to post a bond or the cause would be dismissed. The Court of Appeals in a Per Curiam opinion, Sekerez v. Board of Sanitary Comm'rs et al. (1973), 302 N.E.2d 536, ordered this case transferred to this Court on the grounds that the Court of Appeals did not have jurisdiction. We point out that in another case, decided a month earlier, Sekerez v. Gary Redevelopment Commission (1973), 301 N.E.2d 372, the Third District of the Court of Appeals in a unanimous opinion took jurisdiction of an interlocutory appeal in a case such as this.
As a general rule, appeals may be taken only from final judgments. At the same time, appeals normally are not permitted from interlocutory orders before the final judgment, unless specifically granted by statute or a rule of this Court. Following the adoption of our new codification of the Indiana Rules of Procedure, *534 which became effective January 1, 1970, we provided for appeals as to the Supreme Court in certain enumerated and specified cases. See Rule AP. 4(A). Following the enumeration of appeals that could be taken specifically to the Supreme Court the second paragraph, Rule AP. 4(B), provided:
"In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute, or rule providing for direct appeal to the Supreme Court of Indiana... ." (our emphasis)
Following that statement the new rules enumerated in which cases an appeal could be taken from an interlocutory order and provided that they should be taken to the Court of Appeals. It so happens that an appeal from an interlocutory order requiring a bond in a "Public Lawsuit" is not listed among those four specified appeals, but is granted by statute. IC 1971, XX-X-XX-X [Burns' Ind. Stat. Ann. § 3-3305 (1972 Supp.)]. The Rule  AP. 4(B)  specifically provides that even appeals authorized by statute or some other rule which previously provided for direct appeal to the Supreme Court should thereafter go to the Court of Appeals, regardless of the provision for direct appeal to the Supreme Court. In this case the right to take an appeal from an interlocutory order, which is an exception to the general rule, is of statutory origin and for some reason was not included among the enumerated specified instances in which appeals from interlocutory orders could be taken in our Rule AP. 4(B). Nevertheless, it was the intent of the Rule that appeals in all interlocutory orders should go to the Court of Appeals. It is evident from the general tenor of Rule AP. 4 that only specified appeals may be taken directly to the Supreme Court and "In all other cases, appeals shall be taken to the Court of Appeals...." That language is overriding and includes the present appeal. Bearing out this interpretation is Rule AP. 8.3(A)(2), which provides for a brief statement of jurisdiction in the briefs of all direct appeals to the Supreme Court, while on the other hand, such a statement on jurisdiction is not required in appeals to the Court of Appeals.
It is argued that "Public Lawsuits" are entitled to expeditious handling. Of course, the same argument might be made about temporary injunctions and other matters of emergency nature. We point out that Rule AP. 4(A)(10) provides for petitioning the Supreme Court to transfer an appeal from the Court of Appeals to the Supreme Court upon a showing that the appeal involves a substantial question of law of great public importance and that an emergency exists. No such petition was filed when the parties in this appeal originally filed this appeal in the Court of Appeals.
For the reasons stated, we find that the jurisdiction of this appeal lies in the Court of Appeals and the appeal is transferred back to that Court.
All Justices concur.