STATON, J., concurs.

GARRARD, J., concurs in result.

**ST. JOSEPH MEDICAL BUILDING ASSOCIATES, an Indiana Limited Partnership, Plaintiff-Appellant,**

v.

**CITY OF FORT WAYNE, Defendant-Appellee.**

No. 3–581A139.

Court of Appeals of Indiana, Third District.

April 26, 1982.

GARRARD, Judge.

St. Joseph Medical Building Associates (Associates) applied to the City of Fort Wayne to have certain real estate owned by Associates designated as an "urban development area." *See* IC 6–1.1–12.1–1 et .seq. The purpose of the application was to secure for Associates property tax relief benefits for the construction of a new medical office building and parking garage.

The City Common Council denied the application and upon appeal the Allen Circuit Court granted summary judgment in favor of the city. Associates appeal and the city's response, in part, asserts this court lacks jurisdiction to entertain the appeal on the merits. We shall consider that contention first.

### I.

### Jurisdiction

Our legislature has recently enacted a statute concerning appeals from actions taken by municipalities. IC §§ 34–4–17.-5–1 to –8 (Supp.1981) (Acts 1980, P.L. 8, § 174). The statute professes its control of the appeal "from any action or decision of a board of a city, the common council or city-county council of a city if it performs the functions of a board, or the board of trustees of a town . . . ." *Id.* at 34–4–17.5–1. Associates appealed the City Common Council's denial of its application pursuant to these statutes. Three questions regarding the jurisdiction of this Court are thereby raised.[1]

Under this legislation, appeals are instituted by first filing an original complaint in the circuit or superior court of the county in which the municipality is located. IC 34–4–17.5–1. Then, IC 34–4–17.5–6 provides that appeals from the trial court's decision "shall be taken direct[ly] to the supreme court of Indiana . . . ."

J. Philip Burt, Thomas J. Felts, Burt, Blee, Hawk & Sutton, Fort Wayne, for plaintiff-appellant.

Carol A. Angel, Associate City Atty., Fort Wayne, for the City of Fort Wayne.

1. City specifically challenged the jurisdiction of this court regarding scope of review under IC 34–4–17.5–4, and upon the provision under IC 34–4–17.5–6 allowing petitions for rehearing at the trial court level. As is our duty, we raise *sua sponte* the jurisdiction of this court to review this class of appeals. *Cohen v. Indianapolis Machinery Co., Inc.* (1976), 167 Ind.App. 596, 339 N.E.2d 612.

Indiana Rules of Procedure, Appellate Rule 4(A) delineates ten specific classes of appeals of which the Indiana Supreme Court has exclusive jurisdiction. The appeal from a trial court's review of the actions of municipalities does not come within any of those ten specific classes.[2]

AP 4(B) provides in part:

"In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana . . . ."

In that the above quoted portion of IC 34–4–17.5–6 directly conflicts with the Indiana Rules of Procedure, that portion of the statute is without force or effect. *Sekerez v. Board of Sanitary Commissioners of the Sanitary District of the City of Gary* (1973), 261 Ind. 398, 304 N.E.2d 533.

IC 34–4–17.5–4(d) further provides in part that:

"The order and judgment of the court is conclusive upon all parties, and no appeal lies except upon questions affecting the jurisdiction of the court . . . ."

In *City of South Bend v. Whitcomb & Keller* (1946), 224 Ind. 99, 64 N.E.2d 580, the court addressed a statute with almost identical language which purported to control the scope of appellate review. The court held that the legislature was "without power" to take from the court its constitutional jurisdiction. *Id.* at 102, 64 N.E.2d at 581.

■ A number of decisions have clearly declared that the legislature may not limit the court's constitutional power of judicial review. *Prunk v. Indianapolis Redevelopment Commission of the Department of Redevelopment of the City of Indianapolis* (1950), 228 Ind. 579, 93 N.E.2d 171, *appeal dismissed*, 340 U.S. 950, 71 S.Ct. 575, 95 L.Ed. 685; *City of South Bend v. Whitcomb & Keller* (1946), 224 Ind. 99, 64 N.E.2d 580; *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399; *Montgomery v.*

*State* (1944), 115 Ind.App. 189, 57 N.E.2d 943. It is equally well established in Indiana that there is a constitutional right to judicial review of an administrative decision. *Salk v. Weinraub* (1979), Ind., 390 N.E.2d 995; *Warren v. Indiana Telephone Co., supra.*

Succinctly stated:

" . . . [T]he right of a party to judicial review is not subject to the grace of the legislative branch of the government.

\*    \*    \*    \*    \*    \*

. . . [T]he judicial branch of the government may interfere with the rulings of administrative bodies adopted under laws of the legislature whenever a judicial question is involved. . . ."

*State ex rel. City of Marion v. Grant Circuit Court* (1959), 239 Ind. 315, 317–18, 157 N.E.2d 188, 189. Therefore, the quoted provision in IC 34–4–17.5–4 does not deprive the parties of the right to appellate review.

■ Finally we note that IC 34–4–17.5–6 provides in part:

"A petition for rehearing may be filed by any party within fifteen (15) days after the decision, order, and judgment of the court."

Citing this provision, the city argues that the failure of Associates to file a petition for rehearing at the trial court level precludes appellate review in this court.

As noted above, IC 34–4–17.5–4 attempted to restrict appellate review of the trial court's decision solely to the issue of that court's jurisdiction. However, under IC 34–4–17.5–6, this legislation provides for a petition for rehearing at the trial court level. It thus appears that the petition for rehearing was meant as a substitute for appellate review of the trial court's decision.

The very argument raised by the city was answered in *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65. In that case, the court addressed the necessity of a

2. The Supreme Court may assume jurisdiction under AP 4(A)(10) over appeals involving "a substantial question of law of great public importance . . . ." Therefore, upon occasion, the jurisdiction of the Supreme Court might be invoked in appeals from the actions of municipalities. *See, e.g., Hawley v. South Bend Department of Redevelopment* (1978), Ind., 383 N.E.2d 333.

statutorily prescribed petition for rehearing to the trial court as a condition precedent to appeal:

"The question now becomes whether the necessity of a Motion to Correct Errors obviates the need for a Petition for Rehearing ... or whether both are required before the appeal is properly perfected. The Petition for Rehearing is not required by the Indiana Rules of Procedure. As was pointed out earlier, the petition for rehearing was originally intended to be in lieu of an appeal from the decision of the trial court. Since an appeal is now permitted and, further, since the procedure for such an appeal is governed by the Indiana Rules of Procedure, the Petition for Rehearing serves no useful purpose and should not be considered a condition precedent to the perfection of an appeal. We hold that the Indiana Rules of Procedure requiring the filing of a motion to correct errors has superseded the requirement of ... filing of a petition for rehearing."

*Id.* at 675, 310 N.E.2d at 68. Under the controlling precedent of *City of Mishawaka v. Stewart,* we hold that the petition for rehearing is not necessary to perfect an appeal from the trial court's decision.

## II.

### Summary Judgment

Associates contends that the trial court erred in granting the summary judgment.

As previously alluded to, the statute in question, IC 6–1.1–12.1–1 to –6, permits a city to designate as an "urban development area" certain areas which have become "undesirable for, or impossible of, normal development and occupancy because of a lack of development, cessation of growth, deterioration of improvements or character of occupancy, age, obsolescence, substandard buildings or other factors which have impaired values or prevent a normal development of property or use of property." The statute then provides for a system of prop-

erty tax relief to owners in the designated area for its rehabilitation and redevelopment.

The materials before the court disclose that Associates owned some undeveloped real estate in the City of Fort Wayne. In June 1980, Associates had substantially completed the building of a medical office and parking garage on that property. On July 3, 1980 Associates filed its application for urban development area designation. On October 20 the city's redevelopment commission approved the application and referred it to the city council. The council considered the application on November 25, 1980 and denied it.[3]

Associates appealed that decision and the trial court granted summary judgment to the city. In the present appeal Associates challenges the summary judgment as well as the evidence before and some of the findings made by the council. Because we find that the statute granted *legislative* discretion to the council and that such grant is dispositive of the action, we need not address the particular points raised by Associates.

Prior to the 1979 amendments [P.L. 56, §§ 5, 6, Acts of 1979] the statute providing for urban development areas granted authority to the commissioners of the department of redevelopment to determine urban development areas. (*See* the Redevelopment of Cities and Towns Act of 1953, IC 18–7–7–1 et seq. for provisions dealing with creation of a department of redevelopment and appointment of its commissioners.) Under this prior version of the act the favorable determination made by the redevelopment commission on October 20, 1980 would have been binding upon the city.

However, 1979 amendments, which became effective September 1, 1979 before these proceedings were commenced, amended IC 6–1.1–12.1–2 to provide that:

"... [T]he common council of a city ... *may* find that a particular area ...

**3.** In September 1980, the council adopted a "policy" that applications for urban development areas should be filed before the applicants had secured the issuance of the necessary building permits.

is an urban development area ...." (emphasis added)

The general purpose of the statute is to enable cities to utilize property tax deductions to encourage the private redevelopment of undesirable areas. It provides an alternative to acquisition and redevelopment by the city itself pursuant to IC 36–7–14–1 et seq.

While the legislature afforded cities the opportunity to engage in or encourage redevelopment through utilization of these devices, there is no imperative that a city do so. It is a matter of purely local legislative discretion.[4]

Since the 1979 amendments placed the exercise of that discretion in the city council, we cannot alter the choice it made. We recognize that the legislature most probably envisioned that cities would act concerning general areas rather than upon the basis of specific projects, but the statute does not contain such a limitation. It affords the council legislative discretion. Therefore, it does not matter whether the council relied upon one reason or many, or whether its reasons were laudable or not. Its exercise of its discretion is not a matter for substantive review.

The judgment is therefore affirmed.

HOFFMAN, P. J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I dissent from the Majority because the enabling legislation does not grant the council the legislative discretion to grant or deny a tax deduction. A tax deduction is mandatory. The council has the discretion to find certain areas "urban development areas," but the Indiana Legislature has withheld any discretion as to the tax deduction. *Strange v. Board of Zoning Appeals of Shelby County* (1981), Ind.App., 425 N.E.2d 720.

The majority places great emphasis upon the Legislature's use of the permissive language "may" under IC 6–1.1–12.1–2. The Majority finds this language to grant the common council "local legislative discretion" in determining urban development areas. I agree.

It is within the discretion of the common council to find any given area an urban development area. This should not be confused, however, with the method the common council *must* utilize to find such areas. The Legislature allowed for no discretion, but mandated that: "To make such a finding, the ... council *shall* use the same procedures as prescribed to determine whether an area is eligible for redevelopment under ... IC 18–7–7–12 ...." IC 6–1.1–12.1–2 (emphasis added).

Here, the common council denied the urban development designation pursuant to its adopted "policy." That policy was not only outside the purview of the mandatory procedures provided by the Legislature, but was directly in conflict with portions of it.

The review and correction of such improprieties is within the "power" of this Court. *See, e.g., Krimendahl v. Common Council of City of Noblesville* (1971), 256 Ind. 191, 267 N.E.2d 547; *Edwards v. Cooper* (1907), 168 Ind. 54, 79 N.E. 1047; *Bryant v. Lake County Trust Co.* (1972), 152 Ind.App. 628, 284 N.E.2d 537; *Board of Zoning Appeals of Town of Carmel v. Parsons* (1964), 136 Ind. App. 520, 202 N.E.2d 589. Additionally, there is no "local legislative discretion" in the common council to either grant or deny property tax deductions. Yet, the Majority has successfully conferred upon the council the discretion to grant or deny property tax deductions that the Indiana Legislature has denied. Therefore, I dissent.

---

4. IC 6–1.1–12.1–2(c), which directs the council to "use the same procedures" prescribed by IC 36–7–14–15 and 18, does not alter this grant of discretion.